## SUPREME COURT.

### Eben J. Young agt. George W. Edwards and others.

The remedy to compel an election of inconsistent causes of action is by motion, not by demurrer.

*Alternative* equitable relief may be alleged and obtained now as heretofore. For instance—a complaint for the restitution of property, as a substantive ground of relief, may allege, 1st, That it was mortgaged under a usurious contract, and, 2d, That the sale under a foreclosure of the mortgage was void for other reasons.

*New-York Special Term, January*, 1855.

THE facts in the case will sufficiently appear in the opinion of the court.

—— ———— *for motion.*
—— ———— *opposed.*

CLERKE, Justice. The proper way to compel a party to elect as to which of several inconsistent causes of action he shall abide by, is by motion. It is not necessary for the defendant to demur.

The object of this suit appears to be to procure, by the judgment of the court, the restitution of the property mentioned in the complaint. To show his right to this relief, the plaintiff states, 1st, That it was mortgaged by him to the defendants on a contract tainted with usury, and, 2d, That the sale under the foreclosure of the mortgage was void for other reasons; so that, if he could not sustain his first charge, he may be able to avail himself of the second, in order that he may be entitled, at all events, to the main relief which he seeks—the restitution of the property.

There is, certainly, nothing *inconsistent* in the statement of facts. The mortgage might have been usurious, and the sale itself might, on other additional grounds, have been oppressive, fraudulent, or otherwise contrary to equity, and calling for that interposition which the court never fails to afford under such circumstances.

Undoubtedly, a complaint cannot demand inconsistent relief—different kinds of redress, in themselves incongruous, or incompatible with the principles upon which courts of equity have always acted; as, for instance, the relief sought for in *Linden* agt. *Hepburn,* (3 *Sand. S. C. R.* 668,) where the plaintiff asked for a forfeiture of a term under a lease, and at the same time an injunction against the lessor, to prevent a breach of his covenant as to the particular use to be made of the tenement. In the language of Judge SANDFORD, " Equity abhors forfeitures; and

you cannot ask her for one of her most benign remedies, while in the same breath you demand a rigorous forfeiture of your opponent's estate in the subject of the controversy."

But, alternative relief can be obtained; and it has been always common, in courts of equity, for the draftsman to frame his bill with a double aspect, when he doubted the particular relief to which he considered the plaintiff entitled; so that, if the court should be against him under one view of the case, it may, nevertheless, afford him assistance in another.

The relief sought for in the present case is of this description, although not expressed in as distinct a manner as may be desired.   The whole complaint, indeed, may be the better for some revision; but, as I think, in its present shape, there can be no misapprehension on the part of the court or the adverse party, it is scarcely worth while to compel the plaintiff to amend.

Motion to compel the plaintiff to elect, &c., denied.