## NEWBOULD a. WARRIN.

*Supreme Court, First District; Special Term, March,* 1862.

JOINDER AND DEFECT OF PARTIES.—DEMURRER.

No one can demur for defect of parties to an action, unless his own interest requires that the defect should be cured.

It is settled that when a debtor fraudulently disposes of his property to several persons, his judgment-creditors may sue all such persons in one action, for the purpose of having such property applied to the satisfaction of their claims.

Demurrer to the complaint.

This was an action by John A. Newbould against Thomas Warrin, Samuel Lord, William J. Lewis, and others.

The complaint was in the nature of a creditor's bill to reach the property of the defendant Thomas Warrin, a part of which,

of the alleged value of $6,000, was alleged to have been collusively and fraudulently mortgaged to the defendant Samuel Lord (the father-in-law of Warrin), to defraud Warrin's creditors; and another part of which, valued at $80,000 (alleged to have been assigned to one Charles W. Dayton, now deceased, by defendant Warrin, and one Blake, for the benefit of their creditors), was alleged to be wrongfully claimed by the defendant William J. Lewis, who was formerly an assistant of Warrin and Blake. The defendants Samuel Lord and William J. Lewis demurred to the complaint, and assigned for causes of demurrer: *First*, that there was a defect of parties defendant in this—that the personal representatives of Charles W. Dayton, deceased, should have been made parties defendant. *Second*, that several causes of action had been improperly united in this—that the complaint contains causes of action growing out of separate and distinct transactions,—causes of action to recover real property, causes of action to recover personal property, and causes of action against a trustee,—and that said causes of action do not affect all the parties to this action, and are not separately stated. *Third*, that the complaint did not state facts sufficient to constitute a cause of action against either of defendants Lord and Lewis.

*William R. Stafford*, for the defendants.

*Samuel Owen*, for the plaintiff.—I. The personal representatives of Charles W. Dayton are not necessary parties to this action. 1. The assignment to Dayton is not impeached. Nor is any relief asked by reason of Dayton's acts which can affect his personal representatives, or even Dayton himself were he living. The sales by Dayton to himself were absolutely void. The profits and all the acts of Dayton for his own benefit inured to the benefit of the trust, and therefore could not descend to his personal representatives. (1 *Rev. Stat.*, 730; 1 *Pars. on Con.*, 75; East a. Henchman, 1 *Ves. Jr.*, 289; Massey a. Davis, 2 *Ib.*, 317; Lawsher a. Lawsher, 3 *Ib.*, 502; Coles a. Frecathick, 9 *Ves.*, 234; Wren a. Kizner, 13 *Ib.*, 103; Gardner a. McCutcheon, 4 *Beav.*, 534; Den a. Hamill, 3 *Harr.*, 74; Devoue a. Fanning, 2 *Johns. Ch.*, 252.) The allegations of fraudulent sales and acts of Dayton are stated in connection with the allegation that defendant Warrin, after

Dayton's death, possessed himself of the assets undisposed of, and the defendant Lewis carried on the business ever since, and pretends he owns the stock and store. These allegations are part of the *res gestæ* of the fraud of the principal defendant Warrin, and for the purpose of making him and Lewis account as to the disposition of the assets of Warrin and Blake taken into their possession. Even if Dayton were living, he would not be a necessary party, except to reach the assets in his possession or under his control, or make him account for them. If his personal representatives had possession, they might be necessary parties; but the defendants Warrin and Lewis having wrongfully possessed themselves of them, and the representatives having no right, the latter cannot be necessary parties. 2. Upon the death of Dayton the trust vested in the Supreme Court, and did not descend to his personal representatives. The Supreme Court at the commencement of this action was and now is vested with all the rights, powers, and duties of the trustee. The defendants Warrin and Lewis are charged with the wrongful possession of the assets, thereby usurping the rights of the court. Inasmuch as no relief is sought against the assignment itself, and Dayton's sale to himself is void, the court has the power to make them show what assets they have in their possession, and what disposition they have made of them since they wrongfully possessed themselves of them ; and on their accounting the court may give the plaintiff any relief he is entitled to. (1 *Rev. Stat.*, 730 ; *Code*, §§ 69, 122, 275 ; Reed a. Bank of Newburgh, 1 *Paige*, 215 ; Matter of Stevenson, 3 *Ib.*, 420 ; King a. Donnelly, 5 *Ib.*, 46 ; Matter of Van Schoonhoven, 5 *Ib.*, 559 ; Hawley a. Ross, 7 *Ib.*, 103 ; McCosker a. Brady, 1 *Barb. Ch.*, 329 ; 1 *N. Y.*, 214 ; Emery a. Pease, 20 *Ib.*, 62.) Even if the plaintiff asks for more relief than he is entitled to, it is no ground of demurrer if he is entitled to any relief. (*Code*, §§ 69, 122, 275 ; Andrews a. Shaffer, 12 *How. Pr.*, 441 ; Lord a. Vreeland, 13 *Abbotts' Pr.*, 195 ; Emery a. Pease, 20 *N. Y.*, 62.) 3. It is only when the court cannot determine the rights of the parties before it without prejudice to the rights of others not before it, that it is necessary the latter should be parties. (*Code*, § 122 ; Wallace a. Eton, 5 *How. Pr.*, 99 ; McMahon a. Harrison, 12 *Ib.*, 39.) The meaning of section 122 of the Code is, that if there are any persons not parties, whose rights must be settled

before the rights of the respective parties before the court can be determined, they must be brought in. A new defendant will never be added against the wishes of the plaintiff, where he is not absolutely a necessary party. (Shaver *a.* Brainard, 29 *Barb.*, 25; McMahon *a.* Harrison, 12 *How. Pr.*, 39; Sawyer *a.* Chambers, 11 *Abbotts' Pr.*, 110.) The rights of the personal representatives of Dayton, if any they have, may be saved by the court if necessary, and especially as the court has entire control of the trust, and the court may still give the plaintiff relief on his bill. (1 *Rev. Stat.*, 730; *Code*, §§ 122, 275; Emery *a.* Pease, 20 *N. Y.*, 62.)

II. The objection as to the non-joinder of the personal representatives of Dayton, even if a valid one, is not available on the part of either of the defendants Lord or Lewis. 1. It does not appear on the face of the complaint that they either have any possible interest in bringing the representatives in. If they have, they should have set it up by answer. (*Code*, §§ 122, 147; Hillman *a.* Hillman, 14 *How. Pr.*, 456; Crook *a.* O'Higgins, *Ib.*, 154.) If the representatives of Dayton themselves applied to come in, it would have to be for reasons not stated in the complaint. The application should be made by them to have the complaint amended if they think it necessary. (*Code*, § 122.) 2. The defendants Lord and Lewis are neither of them creditors of Warrin, and therefore have not right even to have a substituted trustee. (1 *Rev. Stat.*, 730; King *a.* Donnelly, 5 *Paige*, 46; Brady *a.* McCosker, 1 *N. Y.*, 214; 3 *Barb. Ch.*, 329.)

III. The cause of action stated in the complaint is single. It arises out of transactions connected with the same subject of action. (*Code*, § 167; Hammond *a.* Hudson River Iron, &c., Co., 20 *Barb.*, 378; Cahoon *a.* Bank of Utica, 7 *N. Y.*, 486; Boyd *a.* Hoyt, 5 *Paige*, 65; Bank of British N. A. *a.* Suydam, 6 *How. Pr.*, 379; Young *a.* Edwards, 11 *Ib.*, 201; Brewer *a.* Temple, 15 *Ib.*, 286; Robinson *a.* Flint, 16 *Ib.*, 240; *Ct. of Appeals*, Reed *a.* Stryker, 12 *Abbotts' Pr.*, 47; Morton *a.* Weil, 11 *Ib.*, 421.) 1. To require distinct actions for distinct portions of defendant Warrin's property, would tend to unnecessary and useless litigation, which is contrary to the policy of the law. (3 *Johns.*, 566; Trustees *a.* Nicoll, 10 *Barb.*, 656; Boyd *a.* Hoyt, 5 *Paige*, 65.) 2. It is only where the causes of action

are so utterly inconsistent or incongruous as to require different proof, different judgments, and different final process, that this objection is valid. (Alger *a.* Scoville, 6 *How. Pr.*, 131; Bank of British N. A. *a.* Suydam, *Ib.*, 379; Smith *a.* Hallock, 8 *Ib.*, 73; Colwell *a.* N. Y. & Erie R. R. Co., 9 *Ib.*, 311; Sweet *a.* Ingerson, 12 *Ib.*, 331; Lattin *a.* McCarty, 17 *Ib.*, 239.) 3. The subject of the action is the property of the debtor. The cause of action is the fraudulent disposition and impediments thrown in the way of the collection of the plaintiff's judgments; and the relief sought is the removal of those impediments or part of them. (*Code*, §§ 122, 257; Emery *a.* Pease, 20 *N. Y.*, 62; Hammond *a.* Hudson Iron, &c., Co., 20 *Barb.*, 378; Morton *a.* Weil, 11 *Abbotts' Pr.*, 421; Young *a.* Edwards, 11 *How. Pr.*, 201.) 4. The plaintiff by virtue of his judgment has a lien on all the real and personal property of the debtor, and alleges the defendants are fraudulently endeavoring to defeat it. (Bank of British N. A. *a.* Suydam, 6 *Ib.*, 379.) This lien remains undivided. The debtor cannot fraudulently divide the subject of it so as to impose upon the creditor the grievance of many suits, although he may subject him to the burden of many parties. (Bank of British N. A. *a.* Suydam, *supra;* Brady *a.* McCosker, 1 *N. Y.*, 214.) If the proceeding was by execution, it would go at once against every one having the debtor's property. This proceeding is but another mode of extending an execution upon property not directly liable. (Boyd *a.* Hoyt, 5 *Paige*, 65.) 5. The various charges against the different parties tend to one point to prove the fraud and endeavors of the principal defendant Warrin, and his collusive transferees to prevent the collection by the ordinary process of law of the plaintiff's judgment, and each charge constitutes part of the *res gestæ.* (Hillman *a.* Hillman, 14 *How. Pr.*, 456; Brewer *a.* Temple, 15 *Ib.*, 286; *Ct. of Appeals*, Reed *a.* Stryker, 12 *Abbotts' Pr.*, 47.) 6. It is not necessary that the defendants should be jointly interested or jointly conspire to deprive the plaintiff of his rights. If the fraudulent intent exists on the part of the debtor, they are all affected by the same taint. (Morton *a.* Weil, 11 *Ib.*, 421.)

IV. The cause of action stated in the complaint affects all the parties to the action. 1. The defendant has the right to bring all the parties concerned in the transactions connected with the subject of the action before the court, so that the whole

object of the bill may be obtained in one suit. (Mosely, V. C., Boyd a. Hoyt, 5 *Paige*, 65.) To require distinct actions against distinct parties would tend to useless litigation. (Boyd a. Hoyt, 5 *Paige*, 65; Trustees a. Nicoll, 10 *Barb.*, 656.) 2. They are charged with fraudulent, dishonest, and unlawful conduct, and with efforts to hinder and delay the plaintiff in the collection of his debt. They are not brought into court to force them into litigation, but to give them an opportunity to be heard if they desire it. (Hammond a. Hudson Iron, &c., Co., 20 *Ib.*, 378.)

V. The objection that causes of action are not separately stated is not available on demurrer. The requirement in section 167 of the Code is matter of form, and to give symmetry to pleadings. (Cook a. Chase, 3 *Duer*, 643; Harsen a. Bayard, 5 *Ib.*, 656; Woodbury a. Sachrider, 2 *Abbotts' Pr.*, 402; Badger a. Benedict, 4 *Ib.*, 176; Dorman a. Kellum, *Ib.*, 202; Lord a. Vreeland, 13 *Ib.*, 195; Peckham a. Smith, 9 *How. Pr.*, 436; Gooding a. McAllister, *Ib.*, 123; Robinson a. Judd, *Ib.*, 378; Forsyth a. Edminston, 11 *Ib.*, 408; Lattin a. Mc Carty, 17 *Ib.*, 239; Cheney a. Fisk, 22 *Ib.*, 236; Prindle a. Caruthers, 15 *N. Y.*, 425.) The terms improperly united in section 167 of the Code relate to the character of the causes of action and not the mode of stating them. The remedy is by motion. (Same cases; Gooding a. McAllister, 9 *How. Pr.*, 123; Robinson a. Judd, *Ib.*, 378; Dorman a. Kellum, 4 *Abbotts' Pr.*, 202; Harsen a. Bayard, 5 *Duer*, 656.) The court at any stage of the action may disregard these matters of form. (*Code*, § 176; Prindle a. Caruthers, 15 *N. Y.*, 425.)

VI. If the defendant is entitled to any relief whatever against Lewis and Lord, this objection by demurrer cannot be sustained. (*Code*, §§ 122, 275; Emery a. Pease, 20 *N. Y.*, 62; Hillman a. Hillman, 14 *How. Pr.*, 456; Stuyvesant a. Mayor, &c., of N. Y., 11 *Paige*, 414; Brady a. McCosker, 1 *N. Y.*, 214.)

Mason, J.—This case comes before the court on separate demurrers taken to the complaint by Samuel Lord and William J. Lewis. Neither of these defendants Lord or Lewis can raise the question by demurrer that the legal representatives of Charles W. Dayton should have been made defendants in this action, as neither of them has any interest in that branch of the case. It is only when the defendant has an interest himself in

another's being made defendant, that he can demur for want of parties. It must appear that his interest requires that such other party should be made defendant, before he can demur. (14 *How. Pr.*, 546, 460.)

There is, in my judgment, a good cause of action stated in the complaint both against Lord and Lewis. If the allegations of the complaint are true, the plaintiff is entitled to have the chattel mortgage given to Lord declared fraudulent and set aside; and as to Lewis, the allegation substantially is that Lewis has property in his possession, and which he fraudulently covers up and claims to be owner of, but which, in fact, belongs to the said Thomas Warrin, and should be devoted to the payment of the plaintiff's judgments.

There is no misjoinder of causes of action as I understand the rule to be settled by the Court of Appeals. (Reed *a.* Stryker, 12 *Abbotts' Pr.*, 47; Emery *a.* Pease, 20 *N. Y.*, 62. See, also, 20 *Barb.*, 387; 11 *Abbotts' Pr.*, 427; 11 *How. Pr.*, 201.) There must be judgment for the plaintiff on the demurrer, with leave to the defendants to answer, on the payment of the costs of the demurrer.

---

### COE *a.* COE.

*Supreme Court, Sixth District; General Term, October,* 1861.
*Again, General Term, May,* 1862.

REFERENCE OF CLAIM AGAINST ESTATE OF DECEDENT.—JUDGMENT ON THE REPORT.—APPEAL.

Under 2 *Rev. Stat.*, 89, 90,—which authorizes a reference of claims against the estates of deceased persons, by agreement between the claimant and the personal representative,—the court have no power to order judgment *against* the report of the referee. Either the report must be confirmed, and judgment ordered thereon ; or it must be set aside, in which case a new trial follows before the same referees or others appointed in their places.

*It seems*, that these proceedings cannot be deemed a civil action under the Code, but must be governed, to some extent, by the analogy of the former practice.

---

Where the unsuccessful party has taken no exceptions to the report of the referee to whom a claim against the estate of a decedent was referred under the stat-