Demurrer overruled, with costs, with leave to defendants to answer over upon payment of costs.

---

EUGENE C. BAECK, Plaintiff, *v.* HENRY MEINKEN, Defendant.

(Supreme Court, New York Special Term, December, 1900.)

Parties — A depositary not a necessary party to an action for specific performance.

Where an action is brought for the specific performance of a contract to surrender one share out of one hundred shares of stock, pledged for the benefit of the defendant as collateral to the payment of the plaintiff's note representing the cost of the stock, whenever and as often as the latter paid one hundred dollars on the note, a depositary with whom, as alleged in the complaint, the shares and the note have been placed as a trustee and against whom no relief is asked, is not a necessary party to the action and hence the defendant cannot demur to the complaint upon the ground of such non-joinder.

ACTION for specific performance.  Demurrer to complaint.

Tison, Goddard & Brewster, for plaintiff.

Pryor, Melliss & Harris, for defendant.

LAWRENCE, J.  This is an action for the specific performance of the defendant's agreement to furnish a certificate of payment and to surrender up certain stock held by him as collateral to the plaintiff's promissory note.  The defendant demurs upon the ground of alleged defect of party defendant in the nonjoinder of one Edson.  It is alleged in the complaint in substance that upon the incorporation of the Hoefer, Meinken & Baeck Company the defendant procured $10,000 of the capital stock to be issued to and in the name of the plaintiff, and accepted in payment therefor plaintiff's promissory note for $10,000, secured by the deposit of such stock as collateral upon condition that upon payment at any time of $100, or any multiple thereof, on account of said note, defendant would furnish a certificate of such payment, and cause an equivalent amount of the collateral to be surrendered up to the plaintiff; that at request of the defendant, plaintiff delivered such note payable to defendant to one Edward D. Edson, as trustee for defendant, and at the same time pledged to said defendant and deposited with said Edson certificates for 100 shares of stock so issued to plaintiff as collateral security for the payment of said note; that the delivery of said last-mentioned note and pledge of said stock was upon the express condition, without which said delivery and pledge would not have been made, that plaintiff was at all times to be permitted to pay and that defendant would accept and receive in part satisfaction and discharge of said note any sum equal to $100, or any multiple thereof; and that upon every such payment defendant would cause to be released and delivered up to the plaintiff a certificate representing the number of shares of said stock equal at par value thereof to the amount of such payment; and it was duly agreed between plaintiff and defendant and said Edson that upon every such payment so made defendant should furnish plaintiff with a written memorandum certifying the fact of such payment, which plaintiff should deliver to said Edson, who thereupon should deliver up to plaintiff certificates of stock representing the amount of such payment upon said note; and that when the same was fully paid said Edson would deliver up to plaintiff all the certificates of stock remaining in his

hand; it being the expressed intention of all the parties that so long as plaintiff maintained his connection with the said company, plaintiff should continue to have absolute title to said stock and the dividends thereon. It is further alleged that plaintiff thereafter, and before the commencement of this action, tendered to the defendant the sum of $2,000 as a payment on account of said note and demanded that the defendant accept the same in part payment of said note, and also demanded a certificate from defendant as to that fact, which was refused. That plaintiff applied to said Edson for the delivery to him of certificates of said stock to the amount of $2,000 representing the amount so tendered to the defendant, and said Edson refused to deliver up the same without a certificate of defendant as hereinbefore mentioned, but stated to plaintiff that he, said Edson, was willing to deliver up such amount of said stock and would so deliver the same to plaintiff upon the presentation of such certificate of payment. I am of the opinion that the demurrer should be overruled on the ground that Edson is not a necessary party to this action, for the reason that it appears from the complaint that he was a mere depositary agent, against whom no relief is sought. In Boyd v. Vanderkemp, 1 Barb. Ch. 273, it was held erroneous to make a mere agent a party defendant in a suit for specific performance of a contract. See, also, Garr v. Bright, 1 Barb. Ch. 157; Ogdensburgh & C. R. R. Co. v. Vermont & C. R. R. Co., 16 Abb. Pr. (N. S.) 259. In that case the court said: " From the complaint, fairly construed it appears that he was simply an agent in possession for his principal. As such he was neither a necessary nor proper party (Code, § 118). Neither having nor claiming either right or interest in the subject-matter of the controversy, a complete determination could be had without his being a party." See Code Civ. Pro., § 447. It has frequently been held that, where it appears that there is a joint interest or liability, or where necessary protection to a defendant's own interest requires it, a defendant may demand that further parties be brought in. See Anderton v. Wolf, 41 Hun, 571; Newbould v. Warrin, 14 Abb. Pr. 80; Perkins v. Church, 31 Barb. 84–87. But it has also been held that a new defendant will never be added against the wishes of the plaintiff where he is not an absolutely necessary party. Sawyer v. Chambers, 11 Abb. Pr. 110, per Ingraham, J. It has also been held that no one can demur for defect of parties to an action unless his own interests require that the defect should be cured. Newbould v.

Warrin, 14 Abb. Pr. 80. In this case the facts stated in the complaint show that Edson, who is claimed to be a necessary party defendant, is perfectly willing to deliver the stock upon presentation of the certificate required to be given by the defendant under the terms of the agreement between the parties. His presence in this action is not necessary, therefore, for the protection of defendant. It is the defendant's own act which has caused all the difficulty in this case, as stated in the complaint. For these reasons I am of the opinion that the demurrer should be overruled, with leave to defendant to answer over upon payment of costs.

Demurrer overruled, with leave to defendant to answer over upon payment of costs.