### VALENTINE *v.* HARBECK *et al.*

*(Supreme Court, Special Term, Kings County. December, 1888.)*

PRACTICE IN CIVIL CASES—EXAMINATION OF PARTY BEFORE TRIAL—TRUSTEES.

> A *cestui que trust* may have an examination of his trustees before trial in an action for an accounting and to recover an amount alleged to be due him under the trust.

*B. E. Valentine*, for plaintiff. *Richards & Brown*, for defendants.

PRATT, J. The pleadings show that defendants were trustees in relation to certain property in St. Louis; that they have sold the property, and now

have in their hands $1,143.61, which they admit is due to plaintiff as *cestui que trust.* Plaintiff declines to accept that sum, and files this bill, in which, among other things, he claims an accounting and disclosure of their acts as trustees, alleging, upon information and belief, that the sale of the trust property was made by them upon terms by which the defendants were to receive personal benefits beyond those which inured to the plaintiff and other *cestuis que trustent.* Plaintiff now moves for an examination of defendants before trial, by which he seeks to establish the facts upon which his contention rests. The right of a plaintiff in a court of equity to call upon his adversary to make discovery of facts within his knowledge, material to the controversy, has been admitted from the earliest times, and the need for such discovery was a principal source of the jurisdiction of the court. The power to enforce discovery has been found so essential to the administration of justice that it has now been conferred almost universally upon the courts of law, and is executed summarily on motion. The need for the ancillary action for discovery being thus obviated, that action has been abolished. Code Civil Proc. § 1914. But only the ancillary action is abolished. Whenever discovery is needed in the prosecution of an action where independent relief is sought, the court will enforce it in such way as shall best subserve the convenience of parties, consistent with such completeness of disclosure, as the necessity requires. Copies of documents may be required, interrogatories may be filed,— to which sworn answers will be enforced,—or, if need be, a party will be required to attend and submit to a full examination. If interrogatories are filed, the party answering will be required, according to the well-settled rule in equity, to exhaust his means of knowledge, and answer according to the best of his belief. If evasion is suspected, he will be required to state the grounds of his knowledge.

In the present case, the right of the *cestui que trust* to a disclosure of the acts of the trustees cannot be doubted. Nothing is more elementary than the right of the *cestui que trust* to know, and the corresponding duty of the trustee to disclose, what has been done in the execution of the trust. The plaintiff may submit interrogatories, which will be embodied in the order made. which defendants must answer upon oath. If the answers are full and complete, the need of an oral examination may be obviated. If, when they come in, they are found to be insufficient, an oral examination may be had to supplement the deficiencies. Ten dollars, costs of motion, to be paid to plaintiff.