(46 Misc. Rep. 169.)

### WOOLF v. BARNES et al.

(Supreme Court, Special Term, New York County. December, 1904.)

**1. ACTION—COMPLAINT—UNITING CAUSES OF ACTION.**

A complaint alleged that plaintiff, being the owner of all the stock of a corporation, except a few shares, made an agreement with defendant and another, whereby defendant received a transfer of all the stock in trust, to sell such portion thereof as might be requisite to carry on the business of the corporation. It was alleged that the agreement did not conform to the agreement intended to be made, in that certain restrictions as to the sale of stock were omitted. The second cause of action was a violation by defendant of the agreement in giving the purchasers of preferred stock more than an equal amount of common stock, and it was alleged that defendant and his associates, who composed the board of directors, had exhausted the funds of the corporation by reckless management, and that the proceeds of some of the sales of stock had been placed

by defendant in his personal bank account. The third cause of action alleged that defendant had obtained from the other party to the agreement the latter's contingent interest in certain stock, which contingent interest had been forfeited, and charged that defendant held such stock as trustee for plaintiff; and the fourth cause of action was predicated on the refusal of defendant to sell certain preferred stock pursuant to the agreement, although the corporation was in urgent need of funds; and plaintiff prayed for reformation, for an accounting by defendant, and an accounting by the corporation. *Held*, that the complaint was not demurrable on the ground that the causes of action were not properly united.

2. PARTIES—EQUITY.
The fact that all the defendants in an equity action are not affected to the same extent or in the same way would not deprive the court of jurisdiction.

3. JUDGMENT—RELIEF UNWARRANTED BY FACTS—DEMURRER.
A demurrer will not be sustained because the elements of the complaint did not entitle the plaintiff to all the relief demanded in the prayer for judgment.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, § 486.]

4. REFORMATION OF INSTRUMENT—COMPLAINT—SUFFICIENCY.
A complaint in a suit to reform a written agreement alleged that the agreement did not conform to the one intended to be made by plaintiff, in that it omitted certain provisions, and that when plaintiff first ascertained that the agreement did not contain such provisions the other party's attention was called to it, and that he conceded it was defective, and agreed to make a corrective agreement, but that he had failed to do so, though often requested. *Held*, that his complaint showed facts warranting a reformation.

5. TRUSTS—DUTY OF TRUSTEE.
The refusal of a trustee to give full information to the cestui que trust as to the condition of the trust is a violation of the relation.

6. SAME—TRUSTEES DEALING WITH TRUST PROPERTY.
A trustee may not purchase an interest in property and hold it for his own benefit when he has a duty to perform as trustee inconsistent with the character of a purchaser on his own account.

[Ed. Note.—For cases in point, see vol. 47, Cent. Dig. Trusts, §§ 330–336.]

7. SAME—TRUST AGREEMENT—VIOLATION BY TRUSTEE—ACTION—COMPLAINT—DEMURRER.
An agreement required defendant to hold certain corporate stock as trustee, and to sell it as he should deem advisable, and as might be approved by a majority interest of the interested parties to secure capital for the business. A complaint in an action against the trustee alleged that the trustee had refused to sell the balance of certain stock, though the corporation was in need of money, but it was not alleged that a majority interest had approved the sale, or that there was any market for the stock. *Held*, that the complaint was demurrable.

8. ACTION—PARTIES—REAL PARTY IN INTEREST.
A complaint alleged that plaintiff was the owner of all the stock of a corporation with the exception of a few shares, but that the stock was issued to her husband, who took it as trustee for plaintiff under an authority given by plaintiff, and that the husband, under such authority, transferred the stock to defendant as trustee, and that before the commencement of the action—which was for an accounting on the part of defendant, etc.—plaintiff's husband declared in writing that the rights and interests and the agreement purporting to belong to the husband were the property of plaintiff, which writing was exhibited to defendant. *Held*, that the complaint did not show an equitable assignment to plaintiff of her husband's interest, and no change in the relation of the parties appeared.

**9. TRUSTS—ACTION BY BENEFICIARY—PLEADING.**

    A cestui que trust can maintain an action in relation to the trust property only after the trustee has refused to sue, and the complaint must show such refusal.

Action by Rosamond Woolf against Reon Barnes and another. Demurrer to the complaint. Sustained.

Charles N. Morgan & Son (Charles N. Morgan, of counsel), for demurrants.

L. J. Morrison, opposed.

GIEGERICH, J. This action is brought for the reformation of a certain agreement under seal and for an accounting. The complaint alleges that the defendant the Chemical & Electrical Company is a foreign corporation, organized under the laws of West Virginia, with a capital stock of $2,000,000, divided into preferred shares of $200,000 and common shares of $1,800,000; that the value upon which such capital stock is based was supplied by the plaintiff, in consideration of which all of the stock, with the exception of four shares, was issued to and in the name of Albert E. Woolf, the plaintiff's husband, "who took said stock as the agent and trustee of this plaintiff," pursuant to an authorization theretofore given by the plaintiff to said Woolf; that the latter, pursuant to such authorization, entered into an agreement with the defendant Barnes and one George W. Stockly, which provides, among other things, that all of the stock issued to and in the name of Woolf should be transferred and assigned to the defendant Barnes in trust, to sell such portion thereof as might be requisite to carry on successfully the business of the defendant corporation, he being given five years within which to raise the necessary working capital for the defendant corporation, and that at the end of said period, or any time before the end thereof, according to the judgment and discretion of the defendant Barnes, the stock remaining unsold should be divided as follows: 45 per centum thereof retained by the defendant Barnes, 40 per centum thereof delivered to Woolf and 15 per centum thereof delivered to Stockly; that when such agreement was executed and delivered the defendant Barnes was aware that Woolf had received such stock as the agent and trustee of the plaintiff, and that the beneficial interest therein, both prior and subsequent to the execution of the agreement, was in her, "but whether or not the defendant Barnes was aware of the plaintiff's rights in said stock and under said agreement at the time of the execution of the agreement, he did become aware of plaintiff's rights, as hereinbefore stated, before the commencement of this action"; that Woolf makes no claim to any right or interest in the agreement, except as the agent of the plaintiff, and that he did declare in writing that the rights under and interests in said agreement purporting to belong to Woolf is the property of the plaintiff, which writing was exhibited to the defendant Barnes before the commencement of this action; that before the commencement of this action, and shortly before the execution and de-

livery of the agreement, Stockly assigned to the defendant his interest in the agreement, who now claims it to be his property. The complaint then sets up four separate causes of action, it being alleged for a first cause of action that the agreement, a copy of which is annexed to the complaint, does not conform to the agreement made and intended to be made by Woolf, in that it fails to state that the preferred stock should not be sold for less than par, and that it also fails to state that no part of the common stock should be sold or otherwise disposed of (except to purchasers of the preferred stock, who for each share of preferred stock so purchased should receive a share of the common stock) until all of the preferred stock was sold, and then only in the event that the money realized from the sale of preferred stock should be found to be insufficient for the purposes of developing the business of the defendant corporation; that her agent signed the agreement in reliance on the belief that it set forth the terms and conditions upon which the defendant Barnes should hold and sell the stock; that the plaintiff never saw the original, and never received a copy thereof until about a year before the commencement of the action, when she ascertained for the first time that it did not properly express and set forth the intention and purposes of her agent in respect to the terms upon which the stock was to be held and disposed of by the defendant Barnes; that thereupon, through her counsel, she called the attention of the defendant Barnes to the defective character of the agreement in said respects, and that after several months of negotiation the latter "conceded that the agreement was defective in said respects, and agreed to make a modifying or corrective agreement," but he has failed and neglected to do so, although frequently requested. The second cause of action sets forth that the defendant Barnes violated the terms of the agreement by giving to purchasers of preferred stock more than an equal amount of common stock, and by disposing of between 900 and 1,000 shares of common stock without receiving any consideration therefor; that he received from the sale of preferred stock $150,000, all of which he did not pay into the treasury of the defendant corporation, but deposited part of it "into his personal banking account"; that during the period mentioned in the complaint the defendant Barnes was the president and his counsel the treasurer of the defendant corporation; that three of the board of directors, of whom there are five, consisted of the defendant Barnes, his attorney, and a personal friend of the defendant Barnes, who was enabled to qualify as a stockholder through stock given him or placed in his name by the defendant Barnes, and that during all of said times the latter had control of the finances of the defendant corporation; that its funds have been exhausted and it is in debt; that before the commencement of the action there was requested of the defendant Barnes, both individually and as president of the defendant corporation, a statement of the money received by him upon the sale of stock, the amount of stock remaining unsold, the disposition of the proceeds of said moneys received by him and the amount of money remaining in the treasury of the defend-

ant corporation, and also an opportunity to examine his accounts and the account of the defendant corporation by an accountant to be selected by the plaintiff, with which requests the defendant Barnes neglected and refused to comply, except to the extent of rendering over the signature of the assistant treasurer of the defendant corporation a statement that the defendant Barnes had received from the sale of stock $150,000, which has been paid into the treasury of the defendant company; that the plaintiff has no knowledge of the financial condition of the defendant corporation, except that based on the information conveyed by the defendant Barnes to Woolf, to whom he stated that its funds were exhausted; that, besides controlling and managing the finances of the defendant corporation, the defendant Barnes has controlled and managed all its other business, and that its present financial condition is due to the reckless, extravagant, and improvident manner in which he managed its finances. It is alleged as a third cause of action that the defendant Barnes obtained from Stockly the latter's contingent interest above mentioned of 15 per centum; that such interest was given upon condition that Stockly should render assistance and advice during the "running" of the agreement in selling and disposing of stock for the purpose of raising capital sufficient for the business of the defendant corporation; that shortly after making such agreement Stockly ceased to render any assistance and to have any connection with the business of the defendant corporation; that in so assigning such interest Stockly forfeited all interest under the agreement in suit, and that it became the property of the plaintiff; that under the terms of the agreement in suit the defendant Barnes occupied a relation of trust towards the plaintiff, and that in view thereof the defendant Barnes acquired such interest as the trustee of the plaintiff, and as such is accountable to her for the same. The fourth cause of action is predicated upon the refusal of the defendant Barnes to sell the balance of the preferred stock transferred to him in trust, pursuant to the agreement in suit, although the defendant corporation is alleged to be in urgent need of money to meet its outstanding obligations and to further develop its business, and it is averred that the defendant Barnes, having violated his agreement as aforesaid, has forfeited all interest in the stock transferred to him. The prayer for relief, among other things, asks that the agreement be reformed by conforming it to the actual agreement of the parties; that the defendant Barnes be directed to render an account of all stock sold or otherwise disposed of by him, and that the defendant corporation be required to render an account of the moneys paid into its treasury by the defendant Barnes, and of the disposition thereof by the latter, and the amount now remaining in its treasury. The defendants have each separately demurred to the complaint on the ground that causes of action have been improperly united; that the complaint does not, nor do any of the separate causes of action therein alleged, state facts sufficient to constitute a cause of action; and upon the further ground taken by the defendant Barnes that there is a defect of parties, and that Woolf, the husband, should be a plain-

tiff, or, if he refuses to become a plaintiff, that he should then be made a defendant.

In support of the first ground it is urged that two causes of action are attempted to be set up in the complaint—one against the defendant Barnes under the agreement in suit, and another against the defendant corporation for an accounting in respect to corporate affairs and business—and that these causes of action have been improperly united. It is argued further that the defendant corporation has no such legal interest under the agreement as to make it a necessary or even a proper party to the controversy between the plaintiff and the defendant Barnes. It will be seen, however, upon reading the complaint, that relief against the corporation is sought upon an entirely different theory, viz., the wrongful diversion of moneys realized upon the sale of stock and the tracing of the same into its hands while its finances and business were under the control of the defendant Barnes, who, instead of applying them to the promotion of its business, substantially squandered the same through the medium or agency of the defendant corporation. The latter is thus sought to be made accountable for the misapplication of the trust funds, and such relief seems to be incidental to the main one sought. If, as claimed, the complaint sets up several causes of action, they nevertheless arose out of the same transaction, and, being connected with the same subject of action and having a common point of litigation, were properly joined in the same complaint. Code Civ. Proc. § 484, subd. 9; Mahler v. Schmidt, 43 Hun, 512; Shepard v. Man. R. C., 117 N. Y. 442, 23 N. E. 30. Moreover, the fact that all the defendants in an equity action are not affected to the same extent or in the same way will not deprive the court of jurisdiction, and a demurrer will not be sustained because the allegations do not entitle the plaintiff to all the relief demanded in the prayer for judgment. Gray v. Fuller, 17 App. Div. 29, 44 N. Y. Supp. 883. It is urged in support of the demurrer to the first alleged cause of action that it wholly fails to come within the rule pertaining to a cause of action in equity for the reformation of an agreement. The court in Pitcher v. Hennessy, 48 N. Y. 415, 423, states the rule as follows:

"Parties to an agreement may be mistaken as to some material fact connected therewith which formed the consideration thereof or inducement thereto on the one side or the other, or they may simply make a mistake in reducing their agreement to writing. In the former case, before the agreement can be reformed, it must be shown that the mistake is one of fact and mutual; in the latter case it may be a mistake of the draftsman, or one party only, and it may be a mistake of law or of fact. Equity interferes in such a case to compel the parties to execute the agreement which they have actually made."

I think the facts alleged with respect to the first cause of action fairly bring the case within the above rule. It is alleged affirmatively, and it is, moreover, conceded by the defendant Barnes, that the agreement in suit was defective in the respects claimed by the plaintiff, and it is apparent from his promise to make a modifying or corrective agreement, remedying such defects, that it was the intention of both parties that the provisions omitted were meant.

to be incorporated when the agreement in suit was reduced to writing. The complaint points out with certainty what the parties agreed to do and in what the mistake consisted, and therefore an action to reform the agreement in suit will lie. Thomas v. Harmon, 122 N. Y. 84, 89, 25 N. E. 257; Curtis v. Albee, 167 N. Y. 360, 365, 60 N. E. 660.

The ground of demurrer to the second cause of action is not discussed in the brief of either of the defendants, nor was it discussed upon the argument. The allegations with respect to such cause of action show specific instances of violation of the agreement, including the refusal of the defendant Barnes to give full information as to the condition of the trust, which is also a direct violation of the relation (Valentine v. Harbeck, 22 Abb. N. C. 449; s. c. [Sup.] 6 N. Y. Supp. 572), and entitles the plaintiff to the information sought. The demurrer to the second alleged cause of action is, therefore, overruled.

As to the third cause of action, the complaint alleges that the agreement in suit, among other things, provides:

"That said Barnes shall retain possession of the certificates of the shares of said stock; that he shall from time to time, as he deems advisable (and as may be approved from time to time by a majority interest of the respective parties hereto), sell such portions of said capital stock as may be necessary and required for the purpose of furnishing working capital for or promoting the business of said corporation."

As already shown, it further appears that the defendant Barnes acquired the interest of the defendant Stockly, which was conditioned upon services to be rendered by the latter, and by doing so he destroyed the safeguard provided in that portion of the agreement just quoted, viz., that he (Barnes) would dispose of "such portion of said capital stock as may be necessary," etc., and "as may be approved by a majority interest," etc. Hence such acquisition was in hostility to his trust. It is well settled that a trustee cannot purchase an interest in property, and hold it for his own benefit, when, in respect to such property, he has a duty to perform inconsistent with the character of a purchaser on his own account. Abbot v. Am. Hard Rubber Co., 33 Barb. 578, 593, and citations; Jewett v. Miller, 10 N. Y. 405, 65 Am. Dec. 751. The defendant Barnes, therefore, at the option of the beneficiary, the plaintiff, holds the interest so acquired as trustee. Fulton v. Whitney, 66 N. Y. 548; 22 Am. & Eng. Enc. Law (2d Ed.) 1020; Abbot v. Am. Hard Rubber Co., supra. In this view it is immaterial whether or not the defendant Barnes knew that Stockly's interest was given upon condition that he should render assistance and advice in the sale of stock for purposes of raising capital, or that in acquiring it the defendant Barnes has withdrawn such interest from the operation of the agreement in suit.

As seen above, the fourth cause of action is predicated upon the defendant Barnes' alleged refusal to sell the balance of the preferred stock so transferred to him, although the corporation is in urgent need of money. The agreement in suit provides that the defendant Barnes "shall from time to time, as he deems advisable (and

as may be approved from time to time by a majority interest of the respective parties hereto), sell such portions of said capital stock as may be necessary and required for the purpose of furnishing working capital for or promoting the business of the corporation; it being understood, however, that in disposing of such stock for such purposes the preferred stock may be first disposed of." Assuming, for the sake of argument, that from the facts alleged it does appear that it is advisable to sell such stock, still no averment is found in the complaint that a majority interest of the respective parties has approved the proposed sale of stock, or that Barnes could have sold such stock, or that there was any market for the same. My conclusion, therefore, is that the demurrer to such fourth cause of action should be sustained.

Coming now to the claim that the husband, Woolf, should be a party, it should be remembered that the complaint alleges that he took the stock as the agent and trustee of the plaintiff under the authorization given by her to him, and by the terms of which he should receive and hold the stock as her agent and attorney. The defendant contends that, inasmuch as the complaint in a subsequent paragraph alleges the exhibition of an agreement to the defendant Barnes before the commencement of the action "that the rights under and interests in said agreement purporting to belong to the said Albert E. Woolf is the property of this plaintiff," it must be assumed that there was an equitable assignment to the plaintiff of her husband's interest in the agreement. These allegations, however, should be read in connection with those immediately preceding, which are as follows:

"Fourth. Plaintiff alleges upon information and belief that at the time of the execution and delivery of the agreement just above mentioned the defendant Barnes was aware that the said Albert E. Woolf, at the time he received said stock mentioned in said agreement, and at the time he executed said agreement, he did so merely as the agent and trustee of this plaintiff, and that the beneficial interest in said stock prior and subsequent to the execution of said agreement was in this plaintiff. But whether or not the said defendant Barnes was aware of plaintiff's rights in said stock and under said agreement at the time of the execution of the agreement, he did become aware of plaintiff's rights as hereinbefore stated before the commencement of this action. And this plaintiff alleges that the said Albert E. Woolf makes no claim to any rights or interests in said agreement, except as the agent of this plaintiff."

Upon reading and analyzing all these allegations, together with those subsequently set forth in the same paragraph, it will be perceived that there is no averment of any change in the relation of the parties, but, on the contrary, that their rights and interests, as fixed by the original authorization or agreement given by the plaintiff to her husband, are reaverred. Woolf thus continues to be the agent and trustee of the plaintiff, and as such the legal title to the stock is still vested in him. Such being the case the action should have been brought in his name, unless upon request he refused to bring the same, in which event the action might be maintained in the name of a party in interest who could make Woolf a party defendant. But, in order to maintain such an action, the

complaint must aver the fact that upon request to bring the action the trustee had refused. Butler v. Butler, 41 App. Div. 477, 480, 58 N. Y. Supp. 1094. The complaint in the present case, however, fails to allege these prerequisites to the maintenance of an action in the plaintiff's name, and is bad for that reason.

The demurrer must, therefore, be sustained, with costs, upon the grounds that the fourth alleged cause of action does not state facts sufficient to constitute a cause of action, and that there is a defect of parties, but with leave to amend upon payment of costs within 20 days.