FRANCIS P. SHERWOOD, as Trustee in Bankruptcy of HOLBROOK & SCHAEFER, INC., Plaintiff, *v.* THEODORE S. HOLBROOK, EDWARD SCHAEFER, ANNA M. SCHAEFER, FREDERICK M. VOM SAAL and HOLBROOK & SCHAEFER, INC., Defendants.

(Supreme Court, New York Special Term, February, 1917.)

Actions — who may be joined in — corporations — damages — bankruptcy — equity — General Corporation Law as amended in 1913 — Stock Corporation Law, § 66 — pleading — when Federal Bankruptcy Act of 1898 does not apply. .

The trustee in bankruptcy of a corporation has all the remedies of its individual creditors, and his appointment, as such, dispenses with the necessity of a judgment and execution in favor of any or all of them.

Prior to the enactment of section 91-a of the General Corporation Law (Laws of 1913, chap. 633) an action at law for damages for the misfeasance or nonfeasance of a director or officer of a corporation could not be joined with an action for equitable relief, but the effect of said statute is to do away with the distinctions theretofore recognized between strict actions for an accounting of property actually received and for wrongful acts and to authorize a single comprehensive action in equity in which the directors or officers of a corporation may be called to account for all their acts while in office.

The language of said section 91-a is sufficiently broad to authorize an action in equity by a trustee in bankruptcy of a domestic corporation to set aside alleged preferential payments by its officers and directors to creditors, one of whom was also a director and officer, made at a time when the corporation was insolvent, and in contravention of section 66 of the Stock Corporation Law, by which the equitable doctrine that the assets of a corporation constitute a trust fund for the benefit of its creditors was extended, and under which the transferees of such preferential payments may be required to account therefor to the creditors, stockholders or trustees, as for money had and received to the plaintiff's use. All the directors who made

the preferential payments and all creditors who received them are proper parties defendant to the action.

The complaint in such an action need not allege that the corporation, at the time of the alleged preferential payments, refused to pay its notes or other obligations when due.

The defendant directors who made the preferential payments can only be held liable to the extent of any loss sustained by the creditors of the corporation by reason thereof.

The test to be applied to a complaint on demurrer for misjoinder of causes of action is whether or not the several causes of action pleaded arose out of the same transactions and are connected with the same subject of action and have a common point of litigation.

In an equity action the court is not deprived of jurisdiction because all the defendants are not affected to the same extent or in the same way, nor will a demurrer be sustained because the allegations of the complaint do not entitle plaintiff to all the relief asked for in the prayer for judgment.

The complaint herein *held* to state a single cause of action though not alleging in express terms that each transferee of the alleged preferential payments was privy to every transfer, and that the cause of action being solely cognizable in a court of equity the Federal Bankruptcy Act of 1898 did not apply.

CROSS MOTIONS for judgment on the pleadings after demurrers by certain defendants as stated in the opinion.

Morris & Plante (Charles A. Mahony, of counsel), for plaintiff.

Gillespie & O'Connor (Harold H. O'Connor and Nicholas A. Donnelly, of counsel), for defendants Theodore S. Holbrook and Edward Schaefer.

Jerome C. Lewis, for defendant Anna M. Schaefer.

Gantz & Tucker (William O. Gantz and George W. Tucker, Jr., of counsel), for defendant Vom Saal.

GIEGERICH, J. This action is brought by the trustee in bankruptcy of Holbrook & Schaefer, Inc., a domestic stock corporation, to recover preferential payments made by the defendants Theodore S. Holbrook and Edward Schaefer, as officers and directors, to the defendants Anna M. Schaefer and Frederick M. Vom Saal, creditors, at a time when the corporation was insolvent, against the prohibition of section 66 of the Stock Corporation Law. The complainant, in substance, alleges that at all the times mentioned therein the defendant Holbrook & Schaefer, Inc., was and is a domestic stock corporation having its principal place of business in the county of New York, in the state of New York; that at all of said times the defendant Holbrook was and is a director of the said corporation and also an officer thereof, to wit, the president; that at all of said times the defendant Edward Schaefer was and is a director of said corporation and also an officer thereof, to wit, the treasurer; that at all of said times the defendant Anna M. Schaefer was and is the wife of the defendant Edward Schaefer, and was and is a director of said corporation and also an officer thereof, to wit, the secretary; that at all of said times the defendant Vom Saal was and is a brother-in-law of the defendant Edward Schaefer; that the defendants Holbrook and Edward Schaefer, acting as president and treasurer, respectively, of said corporation, made payments from its assets to the defendant Anna M. Schaefer and to the defendant Vom Saal in the following amounts and at the following times, to wit, to the defendant, Anna M. Schaefer $300 on February 13, 1915, and $300 on February 16, 1915; to the defendant Vom Saal $3,022.50 on February 16, 1915, $500 on February 17, 1915, and $200 on February 18, 1915; that the said payments were without consideration to the said corporation other than the discharge of ante-

cedent debts owing by said corporation to the said defendants Anna M. Schaefer and Vom Saal; that the said debts were unsecured except that the notes evidencing the debts of $3,722.50 to defendant Vom Saal were indorsed by the defendants Holbrook and Edward Schaefer, individually; that if said payments are allowed effect the debt of said corporation to defendant Anna M. Schaefer will have been paid in full, and its debts to the defendant Vom Saal will have been reduced from $4,722.50 to $1,000; that at the time when said payments were made the said corporation was about to suspend business; that it was then indebted in the aggregate sum of $33,294.94 to other creditors, exceeding 200 in number; that after making said payments to the defendants Anna M. Schaefer and Vom Saal the value of its remaining assets did not exceed the sum of $9,170.86, all of which, it is alleged, was well known to the defendants and each of them; that immediately after making said payments to the defendants Anna M. Schaefer and Vom Saal the said corporation suspended business, and on or about February 25, 1915, it executed and delivered a general assignment for the benefit of its creditors; that on or about June 24, 1915, certain of the creditors of said corporation, including the defendant Vom Saal, filed a petition in bankruptcy against the said corporation in the District Court of the United States for the Southern District of New York, under which petition and on or about July 8, 1915, a certain order was made and entered adjudging the said corporation to be a bankrupt; that on or about August 5, 1915, the plaintiff was duly elected a trustee in bankruptcy of said corporation and that the plaintiff has duly complied with all the conditions of his said election, and since has been and now is acting as such trustee; that the said payments to the defendants Anna M. Schaefer

and Vom Saal were in violation of the statute of the state of New York in such case made and provided, to wit, section 66 of the Stock Corporation Law; that unless such payments are set aside they will have effected a preference to the defendants Anna M. Schaefer and Vom Saal over the other creditors of the said corporation; that the said payments and each of them were made and received with the intent of effecting such preference; that at the times when such payments were made the said corporation was insolvent, or its insolvency was imminent; that the debts of said Anna M. Schaefer and Vom Saal were not for laborers' wages for services; that the said defendants Anna M. Schaefer and Vom Saal were not purchasers for value without notice, and that the defendants Holbrook and Edward Schaefer were officers of the said corporation who were concerned in making said payments. The prayer for relief is that the said preferential payments and each of them be set aside as null and void; that the defendants Anna M. Schaefer and Vom Saal be required to account for said payments as for money had and received for the plaintiff's use, and that it be adjudged that the defendants Anna M. Schaefer, Vom Saal, Holbrook and Edward Schaefer are indebted to the plaintiff in the amount of said payments, with interest, from the dates of the same, respectively, and that the plaintiff be granted such other and further relief as may be just. The defendants Holbrook and Edward Schaefer, jointly, and the defendants Anna M. Schaefer and Vom Saal, severally, have demurred to the complaint on the ground that causes of action have been improperly united therein, and the defendants Holbrook and Edward Schaefer and the defendant Anna M. Schaefer also demur to the sufficiency of the complaint. The plaintiff moves for judgment on the pleadings and the

demurring defendants have made countermotions for the same relief and for a dismissal of the complaint. Section 66 of the Stock Corporation Law provides: " No corporation which shall have refused to pay any of its notes or other obligations, when due, in lawful money of the United States, nor any of its officers or directors, shall transfer any of its property to any of its officers, directors or stockholders, directly or indirectly, for the payment of any debt, or upon any other consideration than the full value of the property paid in cash. No conveyance, assignment or transfer of any property of any such corporation by it or by any officer, director or stockholder thereof, nor any payment made, judgment suffered, lien created or security given by it or by any officer, director or stockholder when the corporation is insolvent or its insolvency is imminent, with the intent of giving a preference to any particular creditor over other creditors of the corporation, shall be valid, except that laborers' wages for services shall be preferred claims and be entitled to payment before any other creditors out of the corporation assets in excess of valid prior liens or incumbrances. No corporation formed under or subject to the banking, insurance or railroad law shall make any assignment in contemplation of insolvency. Every person receiving by means of any such prohibited act or deed any property of the corporation shall be bound to account therefor to its creditors or stockholders or other trustees. No stockholder of any such corporation shall make any transfer or assignment of his stock therein to any person in contemplation of its insolvency. Every transfer or assignment or other act done in violation of the foregoing provisions of this section shall be void. No conveyance, assignment or transfer of any property of a corporation formed

43

under or subject to the banking law, exceeding in value one thousand dollars, shall be made by such corporation, or by any officer or director thereof, unless authorized by previous resolution of its board of directors, except promissory notes or other evidences of debt issued or received by the officers of the corporation in the transaction of its ordinary business, and except payments in specie or other current money or in bank bills made by such officers. No such conveyance, assignment or transfer shall be void in the hands of a purchaser for a valuable consideration without notice. Every director or officer of a corporation who shall violate or be concerned in violating any provisions of this section, shall be personally liable to the creditors and stockholders of the corporation of which he shall be director or an officer to the full extent of any loss they may respectively sustain by such violation.'' Mr. Justice Laughlin, in delivering the prevailing opinion in *Caesar* v. *Bernard*, 156 App. Div. 724, which case was affirmed on his opinion by the Court of Appeals (209 N. Y. 570), at page 727, said that the legislature by the foregoing section extended the doctrine, administered by courts of chancery, that the assets of a corporation constitute a trust fund for the benefit of its creditors. The foregoing view was expressed in an action brought by creditors of an insolvent corporation against directors and officers thereof for making illegal transfers in violation of section 66 of the Stock Corporation Law. The appeal to the Appellate Division was from an order of the Appellate Term affirming an order of the City Court of the city of New York granting the respondents' motion for judgment on the pleadings. The order was reversed by a divided court, which reversal was sustained unanimously by the Court of Appeals. Shortly after the *Caesar* case was decided

by the Appellate Division the General Corporation Law was amended by chapter 633 of the Laws of 1913 by inserting therein a new section (91-a), which reads as follows: '' The supreme court shall also have and exercise jurisdiction in equity, at the suit of a corporation, or of a receiver, or trustee in bankruptcy thereof, to compel one or more trustees, directors, managers or other officers of the corporation to account for injury to or losses of the funds, assets or property of the corporation, caused by or through any neglect or failure of the defendants to perform, or for violation of, their duties. The court must, upon the application of either party, make an order directing the trial by jury of the issue of negligence, and for that purpose the questions to be tried must be prepared and settled as prescribed in section nine hundred and seventy of the code of civil procedure.'' This new enactment was construed by Mr. Justice Page in *German-American Coffee Co.* v. *Diehl, No. 2,* 86 Misc. Rep. 547, and upon his opinion the order therein was affirmed by the Appellate Division (168 App. Div. 913). It may be useful in this connection to point out that an error has been made in a well-known table of cases which states that the above decision (168 App. Div. 913) was reversed by the Court of Appeals (216 N. Y. 57). That reversal, in fact, was another decision made in another action of the same title (designated as action No. 1) and reported in 167 Appellate Division, 928. The case just cited was brought under section 91-a of the General Corporation Law to compel the defendant to account for various alleged acts of non-feasance and misfeasance in his office of director, whereby the corporation was said to have sustained injury and loss of property and assets. The defendant demurred to the complaint on

three grounds: *First,* that there was a defect of parties defendant; *second,* that causes of action were improperly united, and *third,* that the complaint did not state facts sufficient to constitute a cause of action. The issues of law raised by the demurrer were brought on as a contested motion. The demurrer was overruled, and, in passing upon the second ground urged in support thereof, the learned justice (at pp. 551, 552) said: "It is then claimed in support of the second ground of demurrer, namely, for misjoinder of causes of action, that if the action be not one against the directors for an accounting in the strict sense, that each separate wrongful act constitutes a separate tort for which a separate action must be brought and no relief in any way partaking of the nature of an accounting in equity can be joined with any of the tort actions. This was clearly the law of this state prior to the enactment of the statute under which this action is brought. Gen. Corp. Law, § 91-a; Laws of 1913, chap. 633. An action for damages for the misfeasance or non-feasance of a director or officer of a corporation was an action at law subject to the rules and restrictions governing such actions, and could not be joined with an action for equitable relief. *Higgins* v. *Tefft,* 4 App. Div. 62; *O'Brien* v. *Fitzgerald,* 143 N. Y. 377; *Mutual Life Ins. Co.* v. *Gillette,* 119 App. Div. 430; *People* v. *Equitable Life Assur. Socy.,* 124 id. 714; *Moran* v. *Vreeland,* 81 Misc. Rep. 664. But by section 91-a, *supra,* a jurisdiction to entertain such an action in equity on behalf of the corporation or its representatives has been expressly conferred upon this court, with a provision for the separate trial by jury, pursuant to section 970 of the Code of Civil Procedure, of any issue of negligence which may arise in such an action, if either party should apply for it. The effect of this statute is to do away with the distinctions

recognized in the cases above cited between strict actions for an accounting of property actually received and for wrongful acts, and to authorize a single comprehensive action in equity in which the directors or officers of a corporation may be called to account for all of their acts while in office, whether the said acts consisted of the actual misappropriation of funds or were negligence or neglect of duty, resulting in damage.'' While it is true that the foregoing case was one against a director of a corporation for non-feasance and misfeasance, the language of section 91-a is sufficiently broad in its application to cover a case like the present one where the alleged illegal transfers were made and received in clear violation of a duty the defendant directors and officers owed to the creditors of the corporation. *Darcy* v. *Brooklyn & N. Y. Ferry Co.*, 196 N. Y. 99; *Cullen* v. *Friedland*, 152 App. Div. 124. The alleged transfers were illegal because they were made in contemplation of insolvency in contravention of the statute, and those who participated in them knew that their necessary effect would be to reduce the assets of the corporation, and they must be held to have intended that consequence of their acts. *Cole* v. *Millerton Iron Co.*, 133 N. Y. 164. Under the provisions of section 66 of the Stock Corporation Law the transferees of preferential payments received in violation thereof are required to account therefor to the creditors, stockholders or other trustees. The relief sought in the present case is, among other things, that the preferential payments be set aside as null and void and that defendants Anna M. Schaefer and Vom Saal be required to account therefor as for money had and received to the plaintiff's use. This presents well-recognized subjects of equity jurisdiction. *Stiefel* v.

*New York Novelty Co.,* 14 App. Div. 371; 11 Am. & Eng. Ency. of Law (2d ed.), 202. Equitable remedies being thus afforded by the statutory provisions above quoted, as against both the transferrers and transferees, it is apparent from what has been above said that the ultimate object of an action of this character is to compel them to account for the benefit of the creditors of the insolvent corporation. The plaintiff, as trustee in bankruptcy of the insolvent corporation, has all the remedies of the individual creditors, and his appointment as such dispensed with the necessity of a judgment and execution in favor of any or all of them. *Southard* v. *Benner,* 72 N. Y. 424; *Zartman* v. *First Nat. Bank,* 189 id. 267. See Pers. Prop. Law, § 19. It is urged by the defendants Holbrook and Edward Schaefer and Anna M. Schaefer that, since it appears upon the face of the complaint that the defendant Anna M. Schaefer was at the time of the payments complained of a director and an officer of the corporation, the complaint is demurrable because it does not allege that the corporation has refused to pay any of its notes or other obligations when due. As the defendant Anna M. Schaefer was also a creditor of the corporation she would be liable under the fourth sentence of section 66 of the Stock Corporation Law upon the theory that as a creditor she received payments in violation of the provisions of such section. The allegations of the complaint and the prayer for judgment are comprehensive enough to bring the claim against her within such provisions. Counsel for the said defendants do not claim that an allegation of the character indicated is necessary where liability is sought under the fourth sentence, but they do contend that the allegations of the complaint that she was a director and an officer of the corporation bring the payments made to her within

the first sentence of section 66 and hence that the complaint in such a case must allege that the corporation at the time of such payments refused to pay its notes or other obligations when due. The same point was raised in *Caesar* v. *Bernard, supra,* and passed upon adversely. In that case one of the questions presented for solution was whether the word " such " in the second sentence confines the operation of the entire section to corporations which have defaulted in meeting their notes or other obligations when due, and it was held (p. 729) after an exhaustive review of the authorities on the subject " that the weight of authority with respect to this particular statute and those from which it has been derived, is in favor of a construction eliminating the word ' such ' on the theory of necessity in order to give effect to the intention of the Legislature found in the history of the legislation from which this section was derived." It is urged by the defendants Holbrook and Edward Schaefer that they are only secondarily liable to the extent of any loss sustained by the creditors of the insolvent corporation by reason of their having made payments in violation of section 66 of the Stock Corporation Law, and that the plaintiff must first exhaust his legal remedies against the defendants Anna M. Schaefer and Vom Saal before resorting to them as officers and directors of the insolvent corporation. As already shown, the liability of a director or officer of a corporation to the creditors and stockholders thereof for violating or being concerned in the violation of section 66 shall be to the full extent of any loss they may respectively sustain by such violation. Mr. Justice Laughlin, speaking of such provisions in *Caesar* v. *Bernard, supra* (at p. 727), said: " The Legislature manifestly intended to impose upon the directors and

officers personal liability to creditors, not for the *debts* of the corporation, but *so far* as necessary to indemnify creditors ' to the full extent of any loss ' sustained through the violation of the statute, and to that extent *only*. If the corporation retained sufficient assets to discharge its obligations to creditors, the latter would sustain no *loss*. The *loss* would be presumptively, I think, the amount for which an execution duly issued could not be satisfied in consequence of the disposition of property in violation of the statute." It should be borne in mind that the action in which the foregoing views were expressed was one at law, while the present action is one in equity, and hence it is within the power of the court to adapt the relief to be given to the exigencies of the case. *Hubbell* v. *Henrickson,* 175 N. Y. 175; *Carpenter* v. *Osborn,* 102 id. 552; *Gray* v. *Fuller,* 17 App. Div. 29. As was said in the case last cited (p. 35) : " In legal actions all causes of action must affect all the defendants, but in equitable ones the causes of action are not required to affect all the defendants to the same extent or in the same way, for it is within the power of a court of equity so to mould its judgments as to do equity between all the parties to an action, which a court of law cannot do, and the rules of pleadings are not the same in suits in equity as in actions at law." This rule applies to the complaint in this action, which the demurrants claim improperly unites several causes of action. Section 446 of the Code of Civil Procedure provides for the joinder of "All persons having an interest in the subject of the action, and in obtaining the judgment demanded." Section 484 of the Code of Civil Procedure provides that the plaintiff may unite in the same complaint one or more causes, whether they are such as were formerly denominated legal or equitable or both, where they are brought upon claims arising out

of the same transaction or transactions and connected with the same subject of action, but it must appear upon the face of the complaint that all the causes of action so united are consistent with each other and that they effect all the parties to the action. It was said in *Shepard v. Manhattan R. Co.,* 117 N. Y. 442, 450, that: " The object of the Code is, as it is the aim of equity, to avoid a multiplicity of actions and useless expense, and to effect a complete determination of all matters which may come into controversy and litigation between the same parties by one action." The test to be applied to a complaint on a demurrer for misjoinder of causes of action is whether or not the several causes of action set up in the complaint arose out of the same transactions and are connected with the same subject of action and have a common point of litigation. Code Civ. Pro. § 484, subd. 9; *Mahler v. Schmidt,* 43 Hun, 512; *Shepard* v. *Manhattan R. Co., supra; Woolf* v. *Barnes,* 46 Misc. Rep. 169. Again it becomes necessary to call attention to an error in the tables of cases, which state that 46 Miscellaneous Reports, 169, was reversed in 104 Appellate Division, 620. A glance at the reports will show that not only do the two cases deal with different questions, but even that the names of the plaintiffs are different. Moreover, the fact that all the defendants in an equity action are not affected to the same extent or in the same way will not deprive the court of jurisdiction, and a demurrer will not be sustained because the allegations thereof do not entitle the plaintiff to all the relief demanded in the prayer for judgment. *Woolf* v. *Barnes, supra.* The subject of the present action is the alleged illegal transfer made in contravention of the statute, and the cause of action is the right to have the same adjudged null and void and to direct an accounting by all concerned therein to the creditors of the insolvent corporation.

The issues of fact and law are thus common to all the parties, and in this situation the complaint embraces but a single cause of action, even though it does not allege in express terms that each transferee was privy to every transfer. *Brinkerhoff* v. *Brown,* 6 Johns. Ch. 139; *Reed* v. *Stryker,* 4 Abb. Ct. App. Dec. 26; *Proctor* v. *Sidney Sash, Blind & Furniture Co.,* 8 App. Div. 42; *Hatch* v. *Heinze,* 172 id. 675. In *Brinkerhoff* v. *Brown, supra,* Chancellor Kent in overruling a demurrer for multifariousness to a bill filed by judgment creditors against the trustees of an insolvent corporation and their several transferees of the corporate property, after reviewing the facts of the case, at page 153 said: " It thus appears from the bill that all the defendants were not jointly concerned in every injurious act charged. There was a series of acts on the part of the persons concerned in this Genesee Company, all produced by the same fraudulent intent, and terminating in the deception and injury of the plaintiffs. The defendants performed different parts in the same drama; but it was still one piece — one entire performance, marked by different scenes." The doctrine of that case was reaffirmed and applied in *Reed* v. *Stryker, supra,* where it was held that judgment creditors might join in one bill transferees who were not in privity with each other. The court, at page 31, said: " The object of the suit is single. The plaintiffs, defeated in the collection of their debts by the ordinary process of law, now seek to reach the property of their debtor in the hands of those to whom he has dishonestly conveyed it. However numerous the persons with whom the property has thus been deposited, however distinct the transactions by which the debtor has sought to place it beyond the reach of his creditors, or however widely it may have been scattered in the execution of this purpose, the effort to recover the

property and have it applied to the satisfaction of the plaintiffs' debts, embraces but a single cause of action.'' The foregoing case was cited with approval in the recent one of *Hatch* v. *Heinze, supra,* in the following language (p. 679) : '' That case has been followed by the lower courts and cited with approval, but some of the cases have intimated that in order to join transferees all must be privy to one scheme of disposition. This we believe to be a misconception. It is true that in order to join several parties in one action the main issues of fact and law must be common to all, but we do not consider it necessary that each transferee must be privy to every transfer. All are bound together sufficiently for the purposes of an action like this if the transfers are made by the transferor under the influence of a continuing intent to defraud.'' The case at bar clearly comes within the rule so laid down in the case just cited, for it appears from the allegations of fact of the complaint, which the several demurrers admit, that the various transfers were made by the transferrors with a continuing intent to make them in violation of the statute. Stress is laid by all the defendants on the case of *Allen* v. *Gray,* 201 N. Y. 504, but its bearing on the question of misjoinder of causes of action is not apparent. There the action was brought by the trustee in bankruptcy to recover the value of certain chattels claimed to have been transferred by the bankrupt in fraud of his creditors. The action was brought under the provisions of the Federal Bankruptcy Act (§§ 60-a, 70), which confer power upon the trustee to avoid fraudulent transfers and to recover the property or its value, and it was held that such an action was one at law and that the parties were entitled to a jury trial. Here, however, as already shown, the cause of action is one which is solely cognizable in a court of equity. The Federal Bankruptcy

Act therefore does not cover such an action as this. My conclusion is that neither of the grounds urged in support of the demurrers is tenable. The motion of the plaintiff for judgment on the pleadings is therefore granted and the countermotions of the demurring defendants denied, with ten dollars costs against the defendants separately appearing and demurring, but with leave to them to withdraw their respective demurrers and answer within twenty days upon payment of such costs.

Ordered accordingly.