E. IVAN RUBENSTEIN, as Trustee in Bankruptcy of HENRY SHULTZ, INC., Appellant, *v.* BARNETT BERCH and Others, Defendants, Impleaded with EVA MANN, Respondent.

Second Department, February 10, 1941.

*Clarence G. Bachrach,* for the appellant.

*Harry D. Glicksman,* for the respondent.

PER CURIAM. The plaintiff sues herein (1) present and former directors of the bankrupt corporation, Henry Shultz, Inc., for unlawful diversion of its property and stock, and (2) the persons to whom the diversion is alleged to have been made, on the theory that the acts of the individual defendants were in fraud of the creditors of the bankrupt corporation.

In the complaint, in those allegations germane to the present inquiry, it is alleged in substance: The corporation was organized in 1930 by Henry Shultz. Of its 1,000 shares of stock, 990 were issued to Henry Shultz. Five shares were issued to each of his two children, Anna Shultz Berch and Samuel Shultz. After the death of the founder in 1932, his stock was acquired, or held or controlled, by the defendant Barnett Berch, son-in-law of the founder and husband of Anna Shultz Berch. Barnett Berch, his wife, and Samuel Shultz constituted the directorate of the corporation. Barnett Berch, as its president and general manager, exercised complete dominion and control over its business and affairs. In June, 1937, a subsidiary corporation was formed with funds of the parent corporation. The subsidiary's ten shares of stock were issued to defendant Edith Shultz, a sister-in-law of Barnett Berch, who held the stock as a dummy for the parent corporation. In May, 1939, this stock was assigned to, and ever since has been held by, the defendant David Alperin. He paid no consideration for it and took it with knowledge that it belonged to the parent corporation. When hereinafter reference is made to the corporation, the parent corporation is intended.

The complaint, as far as material here, continues in substance: Commencing early in 1939, when the corporation was in fact insolvent, defendant Barnett Berch, with the co-operation, assistance and participation of the other individual defendants, conceived, developed and carried out a fraudulent design and scheme to hinder, delay and defraud the creditors of the corporation by diverting, concealing, transferring and otherwise disposing of its property and assets to the use and benefit of himself and others of the individual defendants. In pursuance of such wrongful and fraudulent scheme, the individual defendants, together with the corporation and its subsidiary controlled by them, connived at and participated in the fraudulent disposition of a large and valuable part of the assets of the corporation, specifically as follows: (a) Between July 15 and August 4, 1939, Barnett Berch caused $3,000 of the corporation's funds to be paid to Edith Shultz, without consideration, from which she paid $2,540.56 to the defendant New York Life Insurance Company in payment or on account of a loan theretofore made by it on a policy of life insurance issued to defendant Bessie Shultz, of which policy Edith Shultz is believed to be the beneficiary. The policy is still in force and has a cash surrender value of more than $2,540.56. Plaintiff claims the right of subrogation to the claim of the insurance company against the policy in the amount so paid. (b) On July 25, 1939, Barnett Berch caused $250 of the corporation's funds to be paid to himself, without consideration. (c) On August 14, 1939, he caused $176 of

its funds to be paid to himself, without consideration. (d) In February and March, 1939, he likewise caused to be paid to the defendant Alperin $8,000 of the corporation's funds, and between June and August, 1939, to the same defendant, $5,000 of its funds, which payments were made ostensibly in the discharge of indebtedness of the corporation and its subsidiary to Alperin, but were, in fact, without consideration. If any part of these amounts were paid in discharge of actual indebtedness, such payment constituted an unlawful preference over other creditors of the corporation. (e) In May, 1939, defendant Edith Shultz, transferred to David Alperin, without consideration, the ten shares of stock of the corporation's subsidiary held by her in trust for the corporation, and he received such stock with knowledge that it belonged equitably to the corporation. (f) Between January 1 and August 22, 1939, the individual defendants, with intent to hinder, delay and defraud the corporation's creditors, and without consideration to the corporation and while it was insolvent, caused additional property of the corporation to be diverted from it to their individual use, or otherwise transferred or disposed of by the corporation, in violation of their duty to the corporation and in fraud of its creditors.

The plaintiff prayed judgment that the transfers of property and assets of the corporation referred to were fraudulent and void, and for other specific appropriate relief.

This action is a creditor's bill. That the plaintiff may have rights against defendant directors and officers under sections 60 and 61 of the General Corporation Law (Cons. Laws, ch. 23) to compel the restoration of corporate property diverted unlawfully or lost through neglect, and under section 15 of the Stock Corporation Law (Cons. Laws, ch. 59), prohibiting the transfer of corporate property in contemplation of insolvency, " ' does not supersede or abolish the simple and efficacious creditors' bill.' " (*Whalen* v. *Strong*, 230 App. Div. 617, 621.)

The complaint herein states but one cause of action. (*Sherwood* v. *Holbrook*, 98 Misc. 668; affd., 178 App. Div. 462, 466; *Brinkerhoff* v. *Brown*, 6 Johns. Ch. 139, 153; *Reed* v. *Stryker*, 4 Abb. Ct. App. Dec. 26, 31.)

The order appealed from should be reversed on the law, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

LAZANSKY, P. J., HAGARTY, ADEL, TAYLOR and CLOSE, JJ., concur.

Order reversed on the law, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.