Callahan, J.
The defendant-appellant contracted with Dairymen’s League Cooperative Association to demolish existing structures on certain property of the latter at 620 Twelfth Avenue, New York City, and for the erection of a new building on the site. The appellant subcontracted the demolition and associated work to the plaintiff-respondent. This action has been brought by respondent to foreclose a mechanic’s lien for $48,449.72 claimed as a balance due for the performance of extra work under the subcontract with appellant.
The subcontract for demolition contained, inter alia, the following provisions: “ Tenth: The Sub-Contractor will render bills for any additional work at such time and in such forms as directed by the General Contractor. For the purpose of checking such bills, and any other claims, the Sub-Contractor shall produce any and all data which the General Contractor may request for the purpose of determining the correctness of the charges. Where any such additional work, ordered as provided herein, is to be paid for on a cost plus basis, the SubContractor shall also, for such purpose, permit the General Contractor to audit his books and he hereby authorizes the General Contractor to check directly with his suppliers of labor and materials, the charges for such labor, materials, or other items appearing in the Sub-Contractor’s bills to the General Contractor.”
Appellant alleges by way of counterclaim in its answer that respondent has rendered bills for extra work, that it has refused to submit certain data in its possession concerning such claim, and that it has declined to permit an audit of its books with respect to such extra work alleged to have been performed on a cost plus basis. Appellant accordingly counterclaims for specific performance of the provisions of the contract with respect to *293 its right to audit the subcontractor ’s books and to check charges for labor, materials, etc., with the suppliers thereof.
Appellant appeals from the dismissal of the counterclaim for insufficiency. The dismissal is sought to be upheld on the ground that appellant has no right of action for. the relief demanded by reason of section 345 of the Civil Practice Act, providing as follows: “ § 345. Ancillary action for discovery abolished. An action cannot be maintained to obtain a discovery under oath in aid of the prosecution or defense of another action.”
Appellant contends, and we think correctly, that this section of the Civil Practice Act has no application to the counterclaim involved herein. The cause of action alleged in the counterclaim is not ancillary relief by way of a bill of discovery in aid of the prosecution or defense of another action, but constitutes a cause of action which is an end in itself for specific performance of contractual, rights arising under its agreement with respondent.
It was not intended by section 345 of the Civil Practice Act to abridge or curtail a remedy for breach of contract theretofore existing (Zeltner v. Fidelity & Deposit Co. of Maryland, 220 App. Div. 21). Its purpose was to abolish the ancillary action in equity that had previously been deemed necessary by way of a bill of discovery to obtain an examination of witnesses or documents for use in an action. The statutory provisions for examination before trial presently found in the Civil Practice Act (§ 288 et seq.) were designed to supersede the former ancillary bills employed for such purpose. “ The need for the ancillary action for discovery being thus obviated, that action has been abolished (Code Civ. Pro. § 1914). But only the ancillary action is abolished.” (Valentine v. Harbeck, 22 Abb. N. C. 448.)
The terms of the contract on which appellant bases its counterclaim do not merely provide for the taking of depositions of witnesses or discovery of documents such as may be obtained upon an examination before trial in an action. Pursuant thereto appellant is entitled to an audit of respondent’s books and possesses the right to examine third persons who may have been suppliers of labor or materials. This power of audit involves verification of items of account (Ultramares Corp. v. Touche, 255 N. Y. 170). Inquiry to ascertain the true situation with respect to financial matters beyond a mere superficial examination of books is essential to a proper audit (State Street Trust Co. v. Ernst, 278 N. Y. 104). The auditor may make such diligent *294 search as may be necessary to confirm or establish the truth of the entries (National Surety Corp. v. Lybrand, 256 App. Div. 226, 234).
The present contract expressly provides for such audit by ■ appellant and the right to check with respondent’s suppliers of labor and material as to charges for extras on a cost plus basis. This contractual right would exist even if the present action had not been brought by the subcontractor. In the event of rendition of bills for extra work on a cost plus basis the enforcement of the right of audit might well be necessary in order to permit appellant as, general cpntractor to ascertain whether it might in turn make a claim against the owner for such extras. Preliminary to this, however, appellant has the right to ascertain the honesty of the subcontractor’s claim. We fail to see how section 345 of the Civil Practice Act can properly be construed to deprive the general contractor of this right.
The cases of Fur & Wool Trading Co., Ltd., v. Fox, Inc. (245 N. Y. 215), C. & C. Electric Co. v.Walker Co. (35 App. Div. 426), and Baylis v. Bullock Electric Mfg. Co. (59 App. Div. 576) cited by respondent do not appear to hold anything contrary to the views herein expressed.
We deem that the counterclaim alleged in appellant’s answer is sufficient to state a cause of action. From this we think it logically follows that the issues raised thereby should be separately tried before the trial of plaintiff-respondent’s claim and that the examination of defendant-appellant before trial should also await the determination of the issues tendered by the counterclaim and reply.
The order granting plaintiff’s motion to strike out the counterclaim should be reversed with $10 costs and disbursements to appellant and the motion denied.
The order denying the motion for summary judgment, or, in the alternative, for a trial of the cause of action as set forth in the counterclaim before any trial of the cause of action set forth in the complaint should be modified by granting the motion for a separate trial of the issues raised by the counterclaim and the reply before the trial of the cause of action set forth in the complaint, and, as so modified, affirmed, with $10 costs and disbursements to appellant.
The order granting plaintiff’s motion for examination before trial of defendant Cauldwell-Wingate Company, so far' as appealed from, should be reversed, with $20 costs and disbursements to appellant, without prejudice to a renewal of said motion after the determination of the issues tendered by the counterclaim and reply.
*295 Mastín, P. J., Cohn, Peck and Van Voorhis, JJ., concur.
Order granting plaintiff’s motion to strike out the counterclaim of defendant-appellant unanimously reversed, with $10 costs and disbursements to the appellant and the motion denied. Order filed. Order denying motion for summary judgment, or for other relief, unanimously modified by granting the motion for a separate trial of the issues raised by the counterclaim and the reply before the trial of the cause of action set forth in the complaint and, as so modified, affirmed, with $10 costs and disbursements to the appellant. Settle order on notice. Order granting plaintiff’s motion for examination before trial of defendant Cauldwell-Wingate Company, so far as appealed from, unanimously reversed, with $20 costs and disbursements to the appellant, without prejudice to a renewal of said motion after the determination of the issues tendered by the counterclaim and reply.