(8 App. Div. 42)

### PROCTOR v. SIDNEY SASH, BLIND & FURNITURE CO. et al.

(Supreme Court, Appellate Division, Third Department. July 7, 1896.)

ACTION—JOINDER OF CAUSES—SEQUESTERING PROPERTY.

The principles applicable to a creditors' action against an individual apply to a creditors' action against a corporation to sequester its property, and therefore plaintiff, in an action to have alleged illegal transfers made by the corporation set aside as fraudulent, may join as defendants persons to whom it is alleged that the corporation had made the transfers.

Appeal from special term, Delaware county.

Action by William H. Proctor against the Sidney Sash, Blind & Furniture Company and others for the purpose of having declared null and void certain judgments obtained by defendants the First National Bank of Earlsville and the Sidney National Bank against defendant Sidney Sash, Blind & Furniture Company. There was a judgment in favor of plaintiff, and defendants appeal. Affirmed.

Argued before LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

James R. Baumes, for appellants Sidney Nat. Bank et al.

Albert F. Gladding, for appellants Sidney Sash, Blind & Furniture Co. et al.

Cumming & Gilbert (Frank B. Gilbert, of counsel), for respondent.

PUTNAM, J. This action was brought by the plaintiff, as a judgment creditor, against the Sidney Sash, Blind & Furniture Company, a domestic corporation, to obtain a sequestration of its property under the provisions of section 1784 of the Code of Civil Procedure. Certain of the directors and stockholders of the corporation were made parties, and facts were alleged in the complaint tending to show the liability of the former for a neglect to file the annual report required by the statute, and for incurring a corporate indebtedness beyond the amount of the paid-up capital, and the latter for a failure to fully pay up the capital stock. The Sidney National Bank and others were also made defendants, and the complaint alleged facts tending to show separate, illegal, and fraudulent transfers of the corporate property to such parties by the officers of the corporation. The Sidney National Bank and certain other defendants interposed a demurrer to the complaint upon the ground that two or more causes of action were improperly joined

therein. The demurrers were overruled by the order of the court below, and from the judgment entered on said order this appeal is taken.

It is conceded that the plaintiff was authorized, under the provisions of sections 1790–1795 of the Code of Civil Procedure, to make the directors and stockholders of the Sidney Sash, Blind & Furniture Company parties, and to insert in his complaint the allegations contained therein, tending to show a liability upon their part.

The only question, therefore, that requires consideration is whether the plaintiff could, in an action brought under the provisions of section 1784, supra, against the Sidney Sash, Blind & Furniture Company, make others defendants to whom it was alleged the officers of that corporation had made separate, illegal transfers of its property, and set up the facts in his complaint tending to show such illegal disposal of the corporate property. The appellants urge that the plaintiff in this action, brought to obtain a sequestration of the property of the defendant corporation, has united several other separate and distinct causes of action arising out of several distinct and separate alleged fraudulent transfers of the corporate property, in violation of the provisions of section 464 of the Code of Civil Procedure. The object of the action was to obtain a judgment of sequestration of the property of the Sidney Sash, Blind & Furniture Company. "Sequestrate" is defined to mean "to separate from the owner for a time; seize or take possession of, as the property or income of a debtor until the claims of creditors are satisfied." Cent. Dict. By section 1793 of the Code of Civil Procedure it is provided that the judgment in such an action "must provide for a fair and just disposition of the property of the corporation and of the proceeds thereof among the fair and honest creditors." The judgment obtained in such action does not dissolve the corporation. Kincaid v. Dwinelle, 59 N. Y. 548; Hollingshead v. Woodward, 35 Hun, 410. An action brought under the provisions of section 1784, supra, is similar to a creditors' bill brought by a judgment creditor against an individual. Like a creditors' bill, it can only be maintained after a judgment and execution returned unsatisfied; and the object in both actions is to reach the assets of the judgment debtor for the benefit of creditors. I think, also, an action to obtain a sequestration of the property of a corporation must be deemed a suit in equity. The provisions of sections 1784 and 1793, supra, are substantially the same as those contained in sections 36 and 37, 2 Rev. St. 463, which were embraced in article 2 of title 4, c. 8. Article 2 was entitled "Proceedings against Corporations in Equity." Proceedings under the provisions of sections 36 and 37, supra, against corporations, under the former practice, were taken in the court of chancery. Although the sections referred to provided for a proceeding against a corporation thereunder by petition, it was held that a judgment creditor might, at his election, proceed by bill. Judson v. Rossie Galena Co., 9 Paige, 598; Morgan v. Railroad Co., 10 Paige, 290. The action to obtain a sequestration of the property of a corporation can only be maintained under the authority of the statute, yet it is an action of

which the former court of chancery had jurisdiction, and which must be deemed a proceeding in equity. The plaintiff, therefore, sought by a suit in equity to sequestrate, to reach, to obtain the property of the Sidney Sash, Blind & Furniture Company, and to have the same applied in payment of his and the claims of other creditors. His object was substantially the same as in a creditors' bill,—to reach the assets of the corporation for the benefit of creditors. But, if the averments in the complaint are true, the assets of the Sidney Sash, Blind & Furniture Company are in possession of several of the defendants named in the complaint, to whom such property has been fraudulently transferred by the officers of the corporation. I am inclined, therefore, to believe that this action, the object of which is to reach corporate assets, was properly brought, not only against the corporation, but also against those parties who have such corporate assets in their possession; that the complaint, which joined the corporation with those who had illegally obtained its property, claiming to recover that property for the benefit of creditors, contained but a single cause of action; that the well-settled principles applicable to a creditor's suit against an individual should be deemed to apply to this creditor's action against a corporation. In a creditor's action against an individual, the plaintiff can unite claims for property in possession. or under the control of the judgment debtor with demands against other parties who have obtained the possession of property of the debtor by fraudulent transfers thereof. In Reed v. Stryker, 4 Abb. Dec. 26; Id., 12 Abb. Prac. 47,—a creditors' action had been commenced to set aside several fraudulent conveyances made by the debtor at various times and to various persons, and to subject the property to the executions of the plaintiffs, and to render an assignee in trust personally liable. It was held that the complaint stated but one cause of action, and the various transferees may be joined as defendants, although there was no privity between them. Harris, J., in delivering the opinion of the court of appeals, said:

"The object of the suit is single. The plaintiffs, defeated in the collection of their debts by the ordinary process of law, now seek to reach the property of their debtor in the hands of those to whom he has dishonestly conveyed it. However numerous the persons with whom the property has been thus deposited, however distinct the transactions by which the debtor has sought to place it beyond the reach of his creditors, or however widely it may have been scattered in the execution of this purpose, the effort to recover the property, and have it applied to the satisfaction of the plaintiffs' debts, embraces but a single cause of action."

See, also, Newbould v. Warrin, 14 Abb. Prac. 80; Brinkerhoff v. Brown, 6 Johns. Ch. 139; Railroad Co. v. Schuyler, 17 N. Y. 606; Morton v. Weil, 11 Abb. Prac. 421.

The case of Reed v. Stryker, supra, was cited and approved by the general term of the Fourth district in Wood v. Furniture Co., 92 Hun, 22, 37 N. Y. Supp. 885, as applicable to actions under the present Code of Civil Procedure. If I am correct in the conclusions above arrived at,—in this equitable action, which is similar to a creditors' bill brought by a judgment creditor against an indi-

vidual under rules applicable to such actions, the complaint contains but a single cause of action,—the principles of section 484 of the Code of Civil Procedure do not apply, and the suit was properly brought against the corporation and the various parties in possession of the corporate assets sought to be recovered. We are referred to the case of Cummings v. Spring Co., 87 Hun, 598, 34 N. Y. Supp. 541, in which the general term of the Fifth department recently sustained a complaint which set forth a cause of action similar to that contained in the complaint under consideration.

I conclude that the judgment should be affirmed, with costs, with leave to answer on payment of costs of this appeal and the costs below within 20 days. All concur.