HATCH et al. v. WESTERN DEVELOPMENT CO. et al.

(Supreme Court, Appellate Division, First Department.   April 14, 1916.)

1. FRAUDULENT CONVEYANCES ☞263(1)—COMPLAINT—SUFFICIENCY.

A complaint, alleging that the individual defendants transferred their property to the corporate defendants without consideration and for the express purpose of hindering, delaying, and defrauding creditors, that such corporations had no bona fide stockholders, and that all the officers and directors were dummies of the individual defendants, is sufficient to charge that the conveyances were fraudulent, and to entitle plaintiffs as creditors of the individual defendants to set aside the conveyances and recover the property.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 771–774;  Dec. Dig. ☞263(1).]

2. ACTION ☞50(4)—JOINDER—PARTIES INVOLVED.

Creditors of individuals, who fraudulently conveyed their property both to corporations and to individuals, may in one suit join the individuals and the corporations, though the transfers were not the result of a single scheme or conspiracy; all being parties to the fraudulent intent.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 524, 527, 531, 534–547;  Dec. Dig. ☞50(4).]

Appeal from Special Term, New York County.

Action by Henry P. Hatch and another against the Western Development Company and others, impleaded with Otto C. Heinze and others. From an interlocutory judgment sustaining demurrers to the complaint, plaintiffs appeal. Reversed, and demurrers overruled.

Argued before CLARKE, P. J., and McLAUGHLIN, DOWLING, SMITH, and DAVIS, JJ.

John A. Garver, of New York City, for appellants.

Leonard G. McAneny, of New York City, for respondents.

SMITH, J.  The complaint is brought by a copartnership, which is a judgment creditor of an insolvent firm composed of the defendants Otto C. Heinze, Arthur P. Heinze, and Max H. Schultze, against certain corporate and individual defendants, to whom it is claimed the assets of the Heinze firm were fraudulently conveyed, and the relief demanded is the avoidance of these transfers, a decree that the defendants render an account of the property received, and an order restraining the defendants from disposing of the property.

The five corporate defendants demurred to the complaint on the grounds that no cause of action was stated and that there was a misjoinder of causes of action. The court below sustained the demurrer on the first ground and did not pass on the second. This court is of the opinion that the demurrer should have been overruled as to both grounds.

The outline of the allegations of the complaint is that the defendants Otto C. Heinze, Arthur P. Heinze, and Max H. Schultze as a partnership failed on October 21, 1907, and, having valuable assets, disposed of them in fraud of their creditors, "as is hereinafter more specifically set forth";  that the defendant Ada Louise Heinze was the wife of

Otto C. Heinze, the defendant Ruth Noyes Heinze was the wife of Arthur P. Heinze, and the defendant Elize P. Schultze was the wife of Max H. Schultze; that "in or about the year 1907 and at various times thereafter" the individual defendants, except Singer, "entered into a corrupt and fraudulent scheme and conspiracy to misappropriate the assets and property" of the partners "for the express purpose of hindering, delaying, and defrauding such creditors, including the plaintiffs"; that on or about December 8, 1908, they caused to be incorporated the defendant Western Development Company, and "thereupon caused to be transferred to the said Western Development Company all of the assets of the said copartnership of Otto C. Heinze & Co., and of the defendants Otto C. Heinze, Arthur P. Heinze, and Max H. Schultze, individually, which had not theretofore been fraudulently disposed of"; that during the year 1911 they caused to be incorporated six other corporations, including the demurring corporations, other than the Western Development Company, and caused to be assigned to them by the Western Development Company, "without the payment of any consideration therefor, a substantial portion of the assets and property of the said partnership"; that each of the corporate defendants "was organized for the express purpose of acquiring some portion of the assets and property of Otto C. Heinze, and the defendants Otto C. Heinze, Arthur P. Heinze, and Max H. Schultze, individually and as members of the said partnership of Otto C. Heinze & Co., and the transfers of property made to the said defendant corporations, respectively, as aforesaid, were each and all made with a like fraudulent intent"; and that "in further pursuance of the said fraudulent intent" the partners and others, "conspiring with them for the purposes aforesaid, transferred and delivered, without consideration or value therefor being paid, from time to time during the years 1906 and 1908, to the defendants Ada Louise Heinze, Ruth Noyes Heinze, and Elize P. Schultze" property and assets of the three partners individually and as a firm.

[1] The ground upon which the defendants base their contention that no cause of action is stated as against them is that in the paragraph describing the initial transfer to the Western Development Company there is no allegation of fraudulent intent or want of consideration, and that therefore, so far as appears, the Western Company took a good title, which it could transfer to the other defendants, even though, as alleged, they paid no consideration. This contention is unwarranted, as in paragraph XVIII of the complaint, quoted in part above, it was alleged that the transfers of property made to the defendant corporations, including the Western Company, were made with the express purpose of hindering, delaying, and defrauding creditors, and that these corporations had no bona fide stockholders, and that all of the officers and directors of said corporations were dummies of the defendants Heinze and Schultze. This paragraph, therefore, seems to contain an amply effective characterization of the transfer to the Western Company, and its allegations as to the origin and organization of the corporations we consider sufficient to charge them with participation in the fraud.

[2] It is also argued that causes of action are improperly joined, since causes of action against the corporations on account of conveyances made to them in and after 1907 are joined with causes of action against the wives of the partners on account of conveyances made to them during 1906. The complaint undoubtedly affords an opportunity for confusion by alleging in paragraph VII that *in 1907* the individual defendants, including the partners' wives, entered into a conspiracy to misappropriate the assets, then alleging in paragraph VIII that all the transfers were made with a fraudulent intent, clearly referring to the transfers in 1907, and then in paragraph XIX alleging that "in further pursuance of the said fraudulent intent the defendants * * * and others, conspiring for the purposes aforesaid, transferred and delivered, without consideration or value therefor being paid, from time to time during the year *1906* to the defendants Ada Louise Heinze, Ruth Noyes Heinze, and Elise H. Schultze property and assets." But while these allegations indicate that the transfers to the wives and the transfers to the corporations were not all included in one scheme or conspiracy, participated in by all the transferees and the transferror, we do not think that this is fatal to the pleading.

The case of Reed v. Stryker, 4 Abb. Dec. 26, decided in 1858, held that judgment creditors might join in one bill transferees who were not in privity with each other. The court on page 31 said:

> "The object of the suit is single. The plaintiffs, defeated in the collection of their debts by the ordinary process of law, now seek to reach the property of their debtor in the hands of those to whom he had dishonestly conveyed it. However numerous the persons with whom the property has thus been deposited, however distinct the transactions by which the debtor has sought to place it beyond the reach of his creditors, or however widely it may have scattered in the execution of this purpose, the effort to recover the property and have it applied to the satisfaction of the plaintiff's debts embraces but a single cause of action."

This case has been followed by the lower courts and cited with approval, but some of the cases have intimated that in order to join transferees all must be privy to one scheme of disposition. This we believe to be a misconception. It is true that, in order to join several parties in one action, the main issues of fact and law must be common to all; but we do not consider it necessary that each transferee must be privy to every transfer. All are bound together sufficiently for the purposes of an action like this if the transfers are made by the transferror under the influence of a continuing intent to defraud. To quote the language of Chancellor Kent in Brinkerhoff v. Brown, 6 Johns. Ch. 139, which was adverted to with approval in the above-mentioned case of Reed v. Stryker:

> "It appears, from the bill, that all of the defendants were not jointly concerned in every injurious act charged. There was a series of acts on the part of the persons concerned in this Genessee company, all produced by the same fraudulent intent, and terminating in the deception and injury of the plaintiffs. The defendants performed different parts in the same drama; but it was still one piece, one entire performance, marked by different scenes."

In the case at bar is found successive fraudulent transfers with similar intent and purpose and similar result. These facts are sufficient to authorize joint effort to subject all the property so transferred to the payment of the claims of creditors.

The interlocutory judgment should therefore be reversed, with costs, and demurrers overruled, with costs, with usual leave to defendants to withdraw demurrers and to answer, upon payment of costs of demurrer and of this appeal. Order filed. All concur.