FRANCIS P. SHERWOOD, as Trustee in Bankruptcy of HOL-BROOK & SCHAEFER, INC., Respondent, *v.* THEODORE S. HOLBROOK and Others, Appellants, Impleaded with HOL-BROOK & SCHAEFER, INC., Defendant.

First Department, June 8, 1917.

Pleading — bankruptcy — action by trustee against corporation, its officers and transferees to set aside transfers — complaint stating cause of action — when no misjoinder of parties defendant.

The complaint of a trustee in bankruptcy in an action brought against a corporation, its officers and other defendants to whom assets were transferred, states a cause of action against all of the defendants where it in substance alleges that said officers of the corporation paid certain moneys of the corporation to the other defendants without consideration other than the discharge of antecedent unsecured debts so that their claims were paid in full and that to the knowledge of the defendant officers the corporation was at that time insolvent and that said payments were made in violation of section 66 of the Stock Corporation Law of the State

of New York and will effect a preference to creditors unless they are set aside and that such payments were made and received with the intent of effecting such preference when the insolvency of the corporation was imminent.

Such complaint need not allege that the corporation had defaulted on its notes or other obligations within the contemplation of section 66 of the Stock Corporation Law.

The appointment of the plaintiff as trustee in bankruptcy of the corporation dispensed with reducing the claims of creditors to judgments.

Said complaint states but a single cause of action in equity and there is no misjoinder of parties defendant although they are not equally liable and they are not all concerned in the same illegal transfers of the property of the bankrupt.

APPEAL by the defendants, Theodore S. Holbrook and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 17th day of February, 1917, overruling the separate demurrers of certain of the defendants to the complaint.

*Harold H. O'Connor* [*Nicholas A. Donnelly* with him on the brief], for the appellants Theodore S. Holbrook and Edward Schaefer.

*Jerome C. Lewis,* for the appellant Anna M. Schaefer.

*George W. Tucker, Jr.* [*William O. Gantz* with him on the brief], for the appellant Frederick M. vom Saal.

*Guthrie B. Plante* [*Charles E. Mahony* with him on the brief], for the respondent.

LAUGHLIN, J.:

This is an action by the trustee in bankruptcy of Holbrook & Schaefer, Inc., to compel the defendants to account for property of the bankrupt corporation alleged to have been transferred by some of them as officers of the corporation and to have been received by the others when to their knowledge the corporation was insolvent and about to suspend business. All of the appellants with the exception of vom Saal were officers and directors of the corporation and he was the brother-in-law of Edward Schaefer.

It is alleged that Theodore S. Holbrook and Edward Schaefer, acting respectively as president and treasurer of the corporation, made certain payments of moneys of the corporation to Anna M. Schaefer on the 13th and 16th of February, 1915, and to vom Saal on the sixteenth, seventeenth and eighteenth days of the same month without consideration other than the discharge of antecedent, unsecured debts, and that such payments paid the indebtedness owing by the corporation to Anna M. Schaefer in full and to vom Saal in full with the exception of $1,000; that the corporation was at the time specified indebted to other creditors in amounts aggregating $33,294.94 and that the value of its remaining assets would not exceed the sum of $9,170.86, all of which was known to the defendants; that on the 25th of February, 1915, the corporation executed a general assignment for the benefit of its creditors, and on the twenty-fourth of June of that year certain of its creditors, including vom Saal, filed a petition in bankruptcy against it under which it was adjudicated a bankrupt on the eighth of July; that said payments were made in violation of the provisions of section 66 of the Stock Corporation Law of New York, and unless they are set aside they will have effected a preference to the creditors to whom the payments were made over the other creditors; and that such payments were made and received with the intent of effecting the preference, and that the corporation was then insolvent or its insolvency was imminent. Vom Saal demurred on the ground of misjoinder of causes of action, and the other appellants demurred on that ground and on the further ground that the plaintiff fails to state facts sufficient to constitute a cause of action against them.

It is contended that the demurrers should have been sustained on the ground that the plaintiff has not alleged that the corporation had defaulted in the payment of its notes or other obligations within the contemplation of the 1st sentence of section 66 of the Stock Corporation Law (Consol. Laws, chap. 59; Laws of 1909, chap. 61). That point, however, has been authoritatively decided against the appellants' contention, for we held in *Caesar* v. *Bernard* (156 App. Div. 724) that the 2d sentence of the section relating to the conveyance, assignment or transfer of property

was not limited by the 1st sentence, and the Court of Appeals affirmed on our opinion in 209 New York, 570. The 2d sentence of the statute, so far as material, provides as follows: " No conveyance, assignment or transfer of any property of any such corporation by it or by any officer, director or stockholder thereof, nor any payment made, judgment suffered, lien created or security given by it or by any officer, director or stockholder when the corporation is insolvent or its insolvency is imminent, with the intent of giving a preference to any particular creditor over other creditors of the corporation, shall be valid." The statute further provides among other things as follows: " Every person receiving by means of any such prohibited act or deed any property of the corporation shall be bound to account therefor to its creditors or stockholders or other trustees. * * * Every transfer or assignment or other act done in violation of the foregoing provisions of this section shall be void. * * * No such conveyance, assignment or transfer shall be void in the hands of a purchaser for a valuable consideration without notice. Every director or officer of a corporation who shall violate or be concerned in violating any provisions of this section, shall be personally liable to the creditors and stockholders of the corporation of which he shall be director or an officer to the full extent of any loss they may respectively sustain by such violation."

It is perfectly clear that the plaintiff alleges a cause of action against all of the defendants under these provisions of the statute, and his appointment dispensed with reducing the claims of the creditors to judgments. (*Southard* v. *Benner*, 72 N. Y. 424.) The plaintiff represents all of the other creditors of the corporation. On the facts alleged, by the express provisions of the statute the transfers of the property of the corporation were void and those who received it are bound to account to the creditors therefor. Likewise, by the express provisions of this statute the directors and officers concerned in the violation are liable to the creditors to the full extent of the loss sustained; and by the express provisions of section 91a of the General Corporation Law (Consol. Laws, chap. 23 [Laws of 1909, chap. 28], as added by Laws of 1913, chap.

633) the directors and officers may be called to account in equity for the property thus transferred by them in violation of law.

The only possible question there can be, therefore, is with respect to the right to join all of the defendants in a single action; but in view of the statutory provisions I think it is quite clear that they may be so joined. The theory of the statutes is that the assets of a corporation constitute a trust fund for the benefit of its creditors (See *Darcy* v. *Brooklyn & N. Y. Ferry Co.*, 196 N. Y. 99) and that its officers who dissipate them when it is insolvent or its insolvency is imminent and those who receive the property with notice and without parting with a valuable consideration must restore it to the corporation for the benefit of its creditors. (*Cullen* v. *Friedland*, 152 App. Div. 124. See, also, *Cole* v. *M. I. Co.*, 133 N. Y. 164.) The complaint, therefore, presents but a single cause of action in equity to have the transfers declared void and to recover the assets of the corporation which have been transferred in violation of the statute, and it is immaterial that the defendants are not equally liable and that they were not all concerned in the same illegal transfers of the property of the bankrupt. (*Brinkerhoff* v. *Brown*, 6 Johns. Ch. 139; *Hatch* v. *Heinze*, 172 App. Div. 675; *Stiefel* v. *New York Novelty Co.*, 14 id. 371; *German American Coffee Co.* v. *Diehl, No. 2*, 86 Misc. Rep. 547; affd., on Mr. Justice PAGE's opinion at Special Term, 168 App. Div. 913.)

It follows, therefore, that the order should be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.