MEYER, CONNOR & COMPANY, Appellant, Respondent, *v.* UNITED FOUNDERS CORPORATION and Others, Defendants, Impleaded with ALLIED GENERAL CORPORATION and Others, Respondents, Appellants.

First Department, June 20, 1933.

*Carroll G. Walter* of counsel [*Edward J. Patterson* with him on the brief; *Patterson, Eagle, Greenough & Day*, attorneys], for the plaintiff.

*Lemuel Skidmore* of counsel [*Putney, Twombly & Hall*, attorneys], for the defendants.

GLENNON, J. The defendants Allied General Corporation, Donaldson and Almy moved at Special Term to dismiss the amended complaint on the ground that it does not state facts sufficient to constitute a cause of action against them, or, in the alternative, that the plaintiff be required to serve a further amended complaint on the ground of misjoinder of causes of action, or to separately state and number the causes of action alleged.

An order was entered granting the motion to the extent of requiring plaintiff to serve an amended complaint, separately stating and numbering its causes of action, and from that portion of the order plaintiff has appealed. The order denied the motion in all other respects, without prejudice to a renewal in the event of the service of a further amended complaint, and from that portion of the order the moving defendants have appealed.

In the amended complaint the following facts are alleged: The plaintiff is a creditor of each of the defendants for damages resulting from fraud and deceit practiced upon it by them pursuant to a conspiracy. In September, 1931, it brought an action at law to recover such damages, and that action is now pending, unheard and undetermined.

The defendants United Founders Corporation and American Founders Corporation are investment, holding and managing corporations and, at the time plaintiff commenced its action at law, they were engaged in the business of holding stocks of various other companies and of managing the investments of certain companies. United Founders owned more than three-quarters of the stock of American Founders. American Founders owned controlling percentages of the stock of various " subsidiaries," including defendant Founders General Corporation. United Founders and American Founders together owned large blocks of the stocks of two additional companies which were advertised to the public as " affiliates."

From about January, 1931, until January, 1932, United Founders and American Founders also held a controlling interest in the stock of defendant Allied General Corporation. The defendants Founders General and Allied General are the agents through which United Founders and American Founders marketed and distributed their own shares and the shares of their subsidiaries.

The defendants Seagrave, Coombs, Erwin and Glines are stockholders of and dominate, manage and control United Founders, American Founders and their subsidiaries and affiliates.

When the plaintiff commenced its action at law, the chief asset of United Founders was the stock of American Founders, and the chief asset of American Founders was the stock of its subsidiaries and affiliates. Their other assets consisted almost entirely of the stocks and bonds of other corporations.

Shortly after plaintiff commenced its action at law, a great and widespread depreciation in the value of the assets of United Founders, American Founders and their subsidiaries and affiliates took place and they became insolvent, or their insolvency became imminent, and the defendants Seagrave, Coombs, Erwin and Glines thereupon caused United Founders and American Founders and their subsidiaries and affiliates to make various conveyances, assignments and transfers of the property of said corporations with the express intent of giving a preference to certain favored creditors, of hindering, delaying and defrauding this plaintiff and diverting the assets of the corporations to the stockholders thereof.

A series of transfers alleged to have been made are then enumerated.

It is further alleged that American Founders at the time of the commencement of this action was engaged in wrongfully paying out to its stockholders over $1,700,000 pursuant to an announcement that it would purchase for retirement a certain portion of its first preferred stock at a specified price per share, and that the price specified was in excess of the open market price at the time.

For the purpose of raising money with which to make the payments and transfers and to purchase the preferred stock, United Founders and American Founders have disposed of their best and most valuable securities and have appropriated the proceeds to the payment of preferred creditors and stockholders, with the intent that such liquidation and appropriation shall be so continued and completed that by the time plaintiff can secure judgment the defendants liable therefor will be without assets.

The complaint prays for an injunction against further transfers to stockholders or other creditors, for the appointment of a receiver, for an accounting by Allied General for the amount paid it by American Founders, an accounting by Almy and Donaldson for the stock of Allied General conveyed to them by United Founders and American Founders, and for such other and further relief as the circumstances of the case may require.

The claim asserted by the appealing defendants is that an alleged cause of action against United Founders, American Founders, Donaldson and Almy to set aside a transfer of the stock by United Founders and American Founders to them as being in fraud of creditors has been joined with (a) an alleged cause of action against Allied General to compel it to account for moneys received by it by way of the purchase price of preferred stock of American Founders purchased by American Founders from Allied General, and (b) with other alleged causes of action against defendants other than Donaldson, Almy and Allied General for the appointment of receivers and to set aside separate and distinct transfers of property alleged to have been made by other defendants in fraud of their respective creditors and to enjoin such defendants from making the transfers.

When the complaint is read in its entirety and with due regard for its plain intendment, it sets forth but a single cause of action, namely, a suit in equity by a creditor to recover, for the satisfaction of its debt, various assets which have been fraudulently transferred.

It has long been the rule that parties who fraudulently dissipate corporate assets when the corporation is either insolvent or in imminent danger of becoming so, as well as parties who receive

such property without giving valuable consideration therefor, must restore it to the corporation for the benefit of creditors who have been defrauded. When circumstances such as these arise, it matters not whether all of the defendants are concerned in all of the transfers. A creditor may join all in one comprehensive complaint in equity, and in a single action compel all to restore what they have received. (*Sherwood* v. *Holbrook*, 178 App. Div. 462.)

Furthermore, the courts have held that however distinct the transactions by which a debtor has sought to place property beyond the reach of creditors may be, or however widely the property may have been scattered in the execution of this purpose, the effort of a creditor to recover the property and have it applied to the satisfaction of its debt embraces but a single cause of action. (*Hatch* v. *Heinze*, 172 App. Div. 675.)

It cannot be disputed that plaintiff, assuming the facts alleged are true, is a creditor of defendants within the meaning and intent of article 10 of the Debtor and Creditor Law. (*American Surety Co.* v. *Conner*, 251 N. Y. 1.)

The cross-appeal of Allied General Corporation, Almy and Donaldson to dismiss does not merit lengthy consideration. The general allegations of the complaint were intended to and do apply to them. It was not incumbent upon plaintiff in referring to transactions in which they were involved to reiterate the fact that they were made with intent to defraud or at a time when the corporation was either insolvent or in danger of becoming so. It was sufficient for plaintiff to do as it did, *i. e.*, to include in its complaint the general allegations necessary to sustain this type of action and then enumerate the particular transactions in which defendants were involved.

The order appealed from should be modified by denying the motion to compel plaintiff to separately state and number the alleged causes of action set forth in the amended complaint, and as so modified affirmed, with twenty dollars costs and disbursements to the plaintiff, with leave to the defendants, appellants, to answer within twenty days from service of order with notice of entry thereof upon payment of said costs.

FINCH, P. J., MERRELL, O'MALLEY and TOWNLEY, JJ., concur.

Order modified by denying motion to compel plaintiff to separately state and number the alleged causes of action set forth in the amended complaint, and as so modified affirmed, with twenty dollars costs and disbursements to the plaintiff, with leave to the defendants, appellants, to answer within twenty days from service of order upon payment of said costs.