ASHER ZEIDE, Plaintiff, *v.* BENJAMIN FLEXSER and EMBASSY ENTERPRISES, INC., Defendants.

Supreme Court, Special Term, Kings County, January 27, 1941.

*Avrum J. Schrager*, for the plaintiff.

*William Roth* [*George D. Zahm* and *William Roth* of counsel], for the defendant Flexser, appearing specially.

KADIEN, J. Motion by the defendant Flexser, appearing specially, to vacate the service of the summons and complaint herein upon him in the State of Florida, pursuant to an order of publication made in this action, and to vacate said order upon the ground that this court has no jurisdiction of the person of said defendant inasmuch as he is a non-resident.

The complaint states three causes of action. The first is for the reasonable value of professional services and for disbursements; the second is for money loaned; the third repeats by reference the allegations of the first and second causes of action and seeks to set aside a conveyance, without fair consideration, by the moving defendant to the corporate defendant of real property situated in Queens county, pursuant to article 10 of the Debtor and Creditor Law, upon the ground that same was made for the purpose of hindering, delaying and defrauding creditors and with particular intent to defraud this plaintiff.

It is elementary that no order of publication of a summons in an action to recover a sum of money only against a non-resident may be made, except upon proof that his property within the State has been seized. (*Dimmerling* v. *Andrews*, 236 N. Y. 43.)

Consequently were this action confined to the first and second causes of action, which have for their purpose the recovery of money only, this court would not have jurisdiction. In the third cause of action, however, the plaintiff charges that he is a creditor of the moving defendant who, with intent to hinder, delay and defraud him, has divested himself of certain real property in Queens county and transferred it to the corporate defendant which is under his domination and control. It seeks judgment declaring said conveyance fraudulent and void as to the plaintiff and that it be " vacated and set aside to the extent necessary to satisfy the claim of plaintiff." This cause of action clearly comes within the purview of subdivision 6 of section 232 of the Civil Practice Act for thereunder service without the State is permissible " Where the complaint demands judgment that the defendant be excluded from a vested or contingent interest in or lien upon specific real or personal property within the State; or that such an interest or lien in favor of either party be enforced, regulated, defined or limited; or otherwise affecting the title to such property."

It is settled law in this jurisdiction that a creditor can set aside a transfer of property fraudulent as to him although he has not obtained a judgment. As said in *American Surety Company* v. *Conner* (251 N. Y. 1, 7, 8): " He may seek the aid of equity, and without attachment or execution, may establish his debt, whether matured or unmatured, and challenge the conveyance in the compass of a single suit."

Obviously, such an action need not be predicated upon a judgment, for under section 279 of the Debtor and Creditor Law, " a creditor whose claim has not matured   *   *   *   may proceed in a court of competent jurisdiction against any person against whom he could have proceeded had his claim matured,   *   *   *."

It is thus clear that without obtaining a personal judgment against the moving defendant, the fraudulent transfer may be set aside.  (See *Matter of Haber*, 151 Misc. 82; *T. G. W. Realties* v. *Long Island Bird Store*, Id. 918; *Meyer, Conner & Co.* v. *United Founders Corporation*, 238 App. Div. 642; *Enthoven* v. *Enthoven*, 167 Misc. 686; *Curley* v. *Smith*, 168 id. 494; affd., 255 App. Div. 952.)

Under these circumstances, the court is of the opinion that the order of publication was properly made.  Although under subdivision 1 of section 917 of the Civil Practice Act a levy under a warrant of attachment may be made upon real property, a warrant in the instant case would have been of no avail inasmuch as it appears that the moving defendant had parted with record legal title to the real property in question.  There remained then only an equity in said defendant which could not be levied upon.

As said in *Anthony* v. *Wood* (96 N. Y. 180): " But this court also held, as to the levy permitted to be made upon choses in action, that the attachment reached and became a lien upon only such debts as at the time belonged to the debtor by a legal title, and for the recovery of which he could maintain an action at law, and as a consequence, where, before levy of the attachment, he had parted with the legal title, even if with intent to defraud his creditors, there remained in him for their benefit only an equity which the attachment could not reach, and so the sheriff could not assail the transfer as fraudulent."

Accordingly, the motion is in all respects denied with leave to serve an answer within fifteen days after service of a copy of the order to be entered hereon, with notice of entry, reserving, however, the right to object to the jurisdiction in respect to the relief prayed for under the first and second causes of action.