GEORGE M. SPECTOR, Plaintiff, *v.* NATIONAL CELLULOSE CORPORATION et al., Defendants.

Supreme Court, Special Term, New York County, August 11, 1943.

*Joseph P. Segal* and *I. Gainsburg* for National Cellulose Corporation, defendant.

*John J. Sweedler* for plaintiff.

WALTER, J. In December, 1936, and January, 1937, plaintiff loaned to defendant National Cellulose Corporation (hereinafter referred to as National) various sums aggregating $47,000. In June, 1941, he brought an action to recover that amount less certain sums said to have been paid on account. Upon a motion and cross motion for summary judgment in that action it was disclosed that plaintiff had executed four agreements in writing with respect to such loans as follows: By writing dated November 1, 1937, he agreed to waive payment until National was " financially able to liquidate this series of notes ". By writing dated November 15, 1937, he agreed that payment would not be requested " as long as the National Cellulose Corporation is *in default* on principal or interest payments to the Reconstruction Finance Corporation ". By writing dated May 9, 1938, he agreed that payment would not be due " as long as the National Cellulose Corporation *is indebted* to the Reconstruction Finance Corporation ". By writings dated June 8 and July 8, 1938, he agreed to subordinate his claims to the debts owing by National to three other corporations which were selling materials and supplies to National on credit. Upon such motions it was further shown that National was then indebted to Reconstruction Finance Corporation and in default with respect to such indebtedness and also indebted to the other three corporations; and

the court accordingly concluded that the action was prematurely brought and dismissed the complaint upon that ground.

In an opinion accompanying that decision the court remarked, by way of answer to one of plaintiff's contentions, that defendant must make an honest effort and use reasonable diligence to discharge its obligation to Reconstruction Finance Corporation and that there was no proof that defendant had voluntarily disabled itself from performing that obligation; and the judgment dismissing that action having been now affirmed (*Spector* v. *National Cellulose Corp.*, 264 App. Div. 718, motion for leave to appeal to Court of Appeals denied, 264 App. Div. 766), the plaintiff brings this present action in which he again attempts to recover the money he loaned by alleging that National has voluntarily disabled itself from performing its obligations to Reconstruction Finance Corporation, and has failed to make an honest effort and to use reasonable diligence to discharge that obligation, with the wrongful intent to postpone payment of its debt to plaintiff indefinitely.

The amended complaint in this present action contains six causes of action, some of which are pleaded as causes of action against Reconstruction Finance Corporation and the other three corporations as well as against National, but the second to sixth causes of action heretofore have been dismissed as legally insufficient, and although an appeal from such dismissal is pending unheard and undetermined the fact remains that at the present time the action stands as one embodying the first cause of action alone, and that is pleaded as against National only.

Plaintiff has moved for an examination of National before trial, and National cross-moves for a dismissal of the first cause of action as not stating facts sufficient to constitute a cause of action, or, in the alternative, for summary judgment on the ground that the judgment dismissing the prior action is *res judicata*.

It seems to me entirely plain that a judgment dismissing an action as prematurely brought cannot possibly support a plea of *res judicata* in a second action subsequently brought upon other and additional allegations, but critical examination of that point is unnecessary because I regard the present complaint as legally insufficient upon its face.

I thoroughly agree that National owes plaintiff the duty of making honest effort and using reasonable diligence to discharge its debt to Reconstruction Finance Corporation and of not voluntarily disabling itself from discharging such debt,

but it by no means follows that breach of that duty either makes National's debt to plaintiff immediately and absolutely due and payable or entitles plaintiff to damages measured by the amount unpaid upon the money he loaned. To attach such consequence to such breach would enable plaintiff to get a judgment for the amount owed him and seize National's assets in satisfaction of such judgment even though the debt to Reconstruction Finance Corporation is not yet paid, and thus would defeat the clear intent and purpose of plaintiff's agreements that Reconstruction Finance Corporation should be paid before he is paid. If it be true that, in breach of its duty to plaintiff, National refuses to pay Reconstruction Finance Corporation although having assets available for that purpose, or has failed to collect moneys actually owing to it by solvent debtors and has diverted to illegal purposes, such as excessive salaries and other improper payments to its officers and stockholders, assets which could and should have been used to pay Reconstruction Finance Corporation, then it may be that plaintiff can maintain an equitable action to reach such uncollected moneys and unlawfully diverted assets and have them and any other assets of National applied to the payment of what is due to Reconstruction Finance Corporation and to himself in accordance with its and his respective priorities; but I can perceive no theory upon which the mere fact that National has failed to collect from its debtors and has diverted assets to improper purposes can support an action at law against National alone for the amount unpaid upon plaintiff's loans while Reconstruction Finance Corporation remains unpaid. Such an action would affect and very likely would impair, if not defeat, the rights of Reconstruction Finance Corporation without its presence before the court.

The writings of June 8 and July 8, 1938, by which plaintiff agreed to subordinate his claims to the debts owing by National to three other corporations are not set forth in the first cause of action of the present complaint, but as the execution thereof is elsewhere specifically alleged, and as leave will be given plaintiff to amend, it seems not inappropriate to make the additional observation that the existence of those agreements likewise would seem to bar such an action at law against National as plaintiff has here attempted to allege, for it is nowhere alleged that the debts which were owing to those three corporations when those writings were executed have been paid, and to permit plaintiff to recover a judgment against National for the amount unpaid upon his loans, while those debts remain unpaid, would defeat the clear intent and purpose of those agreements also.

I am not unmindful of the fact that in setting forth the writings of November 1 and 15, 1937, and May 9, 1938, in his amended complaint in this action, the plaintiff makes the further allegation that those writings were executed without consideration. A sufficient answer to such allegation is a mere reference to section 33 of the Personal Property Law dispensing with the necessity for a consideration in certain cases, █ but it may also be observed that the agreements expressed in those writings clearly were for the benefit of Reconstruction Finance Corporation, just as the writings of June 8 and July 8, 1938, were for the benefit of the other corporations named therein, and it is at least a fair inference that all such beneficiaries changed their position upon the faith of the writings. Plaintiff's rights can be worked out only in an equitable action to which such beneficiaries are parties. I do not suggest that *Whalen* v. *Strong* (230 App. Div. 617), *Meyer, Connor & Co.* v. *United Founders Corp.* (238 App. Div. 642), and *Sherwood* v. *Holbrook* (178 App. Div. 462), are exactly analogous, but they illustrate and suggest the type of action which a breach of National's duty to plaintiff might enable plaintiff to maintain. See, also, *Trotter* v. *Lisman* (209 N. Y. 174, 180) and *American Surety Co.* v. *Conner* (251 N. Y. 1, 5).

The cross motion to dismiss the first cause of action in the amended complaint as insufficient in law upon the face thereof is granted, and the motion for examination of defendant before trial is denied, with leave to plaintiff to serve a second amended complaint within twenty days after the publication of this opinion.

(On motion for reargument, August 23, 1943.)

Application for reargument is denied. Nothing in my decision suggests or assumes that National is either solvent or insolvent. If a debtor refuse to apply its assets in accordance with the rights of its creditors, such refusal, whether or not accompanied by illegal diversion of such assets, is a violation of the creditors' rights, and either actually or constructively fraudulent as to them, and the right of creditors under such circumstances to compel a proper application of the assets is not in any way dependent upon a showing of insolvency.