NEW YORK CREDIT MEN'S ADJUSTMENT BUREAU, INC., as Trustee in Bankruptcy of W. F. IRISH Co., INC., Bankrupt, Appellant, v. MILTON M. WEISS et al., Respondents.

First Department, June 29, 1951.

*Benjamin Weintraub* of counsel (*Melvin I. Pitt* with him on the brief; *Levin & Weintraub*, attorneys), for appellant.

*Robert I. Ruback* of counsel (*Sydney Basil Levy* with him on the brief; *Smith & Carroad* and *Robert I. Ruback*, attorneys), for respondents.

PECK, P. J. The trustee in bankruptcy of W. F. Irish Co., Inc., brings an action under section 60 of the General Corporation Law against the two defendants, who are the officers, directors and stockholders of the corporation, to compel them to pay the value of property which they have wasted through neglect of or failure to perform their fiduciary duties.

The corporation, which was in the business of selling electrical supplies, had insufficient cash with which to meet the claims of its creditors, who were pressing for payment. The defendants themselves were in need of cash. They turned the entire inventory and all of the furniture and fixtures over to an auctioneer for sale, without notice to the corporation's creditors and without compliance with any statutory procedure for dissolution, liquidation or adjustment of corporate obligations. The sale yielded only a small fraction of the amount necessary to meet

the obligations of the corporation. An involuntary petition in bankruptcy was filed three days later, and an adjudication followed.

Special Term dismissed the complaint after trial on the ground that there was no evidence of fraud by the defendants and no evidence that they profited by the transaction. We think this was error. The corporation was insolvent. The defendants, as its officers and directors, were in effect trustees of its assets for the protection of the rights of creditors. Disposition of the corporate assets at an auction sale, held without notice to creditors and without compliance with any statutory procedure designed to protect the rights of creditors, was a breach of duty to them (*Darcy* v. *Brooklyn & N. Y. Ferry Co.,* 196 N. Y. 99; *Giles Dyeing Machine Co.* v. *Klauder-Weldon Dyeing Machine Co.,* 198 App. Div. 564, revd. on other grounds 233 N. Y. 470; *Buckley* v. *Stansfield,* 155 App. Div. 735, affd. 214 N. Y. 679).

The absence of fraud in the sense of misappropriation of the assets or personal profit on the part of the defendants does not excuse them. That they were not morally blameless is clear from the fact that they chose what was regarded as a less expensive means of liquidation because they hoped thereby to salvage something on account of their equity. Their lack of realism in this hope may merely reflect upon their judgment, but the speculation they engaged in at the expense of creditors, without their knowledge, was legally indefensible. Under these circumstances, the defendants are liable to creditors for the loss sustained through the depletion of corporate assets (*Caesar* v. *Bernard,* 156 App. Div. 724, 727, affd. 209 N. Y. 570; *Sherwood* v. *Holbrook,* 178 App. Div. 462, 466; *Whalen* v. *Strong,* 249 App. Div. 792).

The defendants are answerable for the value of the assets disposed of at the time of the sale (*Chemical Bank & Trust Co.* v. *Ott,* 248 App. Div. 406, mod. on other grounds 274 N. Y. 572; Restatement of Trusts, § 208, comment c; 2 Scott on Trusts, § 208). It was conceded that the inventory alone had a cost value of at least $60,000, which was in excess of the claims of creditors aggregating approximately $52,000. Presumably, therefore, the assets had a value equal to the claims of creditors, and might well have brought that amount on a proper sale or orderly liquidation of the business.

The learned trial court has stated that the plaintiff failed to show that the goods sold at the auction were sold for less

than their fair value at a sale of that character. The question is not whether the goods brought as much upon this particular auction as they would have brought upon any auction at the time, but whether by this auction sale they brought their full value.

The burden of showing that full value was realized, and that the creditors therefore did not sustain a loss by virtue of the defendants' unilateral action, is upon the defendants. They must account and respond in damages for the amount, if any, by which less than full value was realized upon the sale. The fundamental principle is that of indemnity (1 Bonbright on Valuation of Property, ch. XIII), and all available evidence on the subject of value ought to be received.

The defendants have argued that a similar sale involving the same type of merchandise owned by another firm and conducted a few days later resulted in the realization of a smaller proportionate return than the sale which they authorized. Whatever weight can be given to the results of such a distress sale in appraising the value of this corporation's inventory and fixtures, it is far from conclusive.

The judgment should be reversed and a new trial ordered in accordance with this opinion, with costs of this appeal to the appellant.

GLENNON, CALLAHAN, SHIENTAG and HEFFERNAN, JJ., concur.

Judgment unanimously reversed and a new trial ordered in accordance with the opinion herein, with costs of this appeal to the appellant. Settle order on notice.