99 F.3d 401
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
 Preston M. GREEN, individually and for all owners of the
subordinated debt securities of Quantum Chemical
Corporation, similarly situated as of
December 27, 1988, Plaintiff-Appellant,
v.
QUANTUM CHEMICAL CORP.; et al., Defendants-Appellees.
 
 No. 95-7554.
 United States Court of Appeals, Second Circuit.
 Dec. 13, 1995.
 APPEARING FOR APPELLANT: Timothy J. MacFall, Law Offices of Curtin V. Trinko, New York, N.Y.; Dean Carlton, The Carlton Firm, Dallas, Texas.
 APPEARING FOR APPELLEES: Eric M. Nelson, Whitman Breed Abbott & Morgan, New York, N.Y.; Rory O. Millson, Cravath, Swaine & Moore, New York, N.Y.
 S.D.N.Y.
 AFFIRMED.
 Present: NEWMAN, Chief Judge. FEINBERG, and CARDAMONE, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was taken on submission.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.
 
 
 3
 Preston M. Geren appeals from the April 18, 1995, judgment dismissing as moot his second amended complaint against Quantum Chemical Corp. Geren, who at one time held bonds issued by Quantum, alleges that he, and the class of (former) bondholders that he seeks to represent, were injured when Quantum incurred substantial new debt and issued a special dividend to its stockholders.
 
 
 4
 On September 30, 1993, Quantum was merged into Hanson PLC and became a wholly-owned indirect subsidiary of Hanson. Immediately following the merger, Quantum redeemed all but one class of its outstanding bonds. All of Geren's bonds were satisfied in October; by March 1994, the remaining bonds had been redeemed. Nevertheless, Geren argues that he has an action for damages incurred when Quantum's decision to leverage its asset structure left him holding a less valuable debt instrument.
 
 
 5
 Geren's claim for breach of contract was properly dismissed for the reasons stated by Judge Leval in his opinion dismissing the first amended complaint. See Geren v. Quantum Chemical Corp., 832 F.Supp. 728, 731-34 (S.D.N.Y.1993). This claim does not survive even though Geren now argues that Quantum was rendered insolvent by the transactions. While insolvency might create a fiduciary duty of the directors to the bondholders, potentially affecting a claim for breach of that duty, the financial health of the corporation does not alter the meaning of contract provisions.
 
 
 6
 Geren also argues that Quantum owed a special duty to the bondholders when it incurred new debt and issued the special dividend, because these transactions made Quantum insolvent. Under New York law, directors of a corporation may become trustees of the creditors when the corporation is insolvent. New York Credit Men's Adjustment Bureau, Inc. v. Weiss, 278 A.D. 501, 503, 105 N.Y.S.2d 604, 606 (App.Div.1951); see Metropolitan Life Insurance Co. v. RJR Nabisco, Inc., 716 F.Supp. 1504, 1524 n. 33 (S.D.N.Y.1989).
 
 
 7
 Geren, and all members of the putative class, lack standing to bring this claim. In diversity cases, federal courts look first to state law to determine whether a plaintiff has standing. Metropolitan Express Services, Inc. v. City of Kansas City, 23 F.3d 1367, 1369 (8th Cir.1994); City of Moore v. Atchison, Topeka & Santa Fe Ry., 699 F.2d 507, 511 (10th Cir.1983); Owen of Georgia, Inc. v. Shelby County, 648 F.2d 1084, 1088-90 (6th Cir.1981). Under New York law, the duty owed by directors to creditors of an insolvent corporation exists only to ensure that the directors do not funnel the assets of the corporation to themselves or to other shareholders, subverting the creditor's rights in bankruptcy. See Weiss, 278 A.D. 501, 105 N.Y.S.2d 604 (suit by bankruptcy trustee on behalf of unsatisfied creditors). Quantum never failed to make any scheduled principal or interest payments, and has now fully redeemed the bonds. Because Geren and the other former bondholders are no longer creditors of Quantum, they lack standing to maintain a suit for breach of fiduciary duty.
 
 
 8
 Similarly, Geren lacks standing to bring a fraudulent conveyance claim. Only creditors may maintain actions for fraudulent conveyance in New York. N.Y. Debtor & Creditor Law § 273 (McKinney 1990); see Pappo Bros. v. Thompson, 214 N.Y.S.2d 13, 15 (Sup.Ct.1961). Geren and the putative class members, whose loans to Quantum have been completely satisfied, could recover nothing more from the corporation even if the special dividend were disgorged by the shareholders and returned to the corporation. No longer creditors of Quantum, they lack standing to bring a claim of fraudulent conveyance.